THOMAS ROBERTS, Appellant, *v.* CAROLINE D. ELY et al., as Executors, etc., Respondents.

Plaintiff brought this action, in 1881, to recover a specific portion of certain insurance money collected by E., defendant's testator in 1872, of which portion plaintiff claimed he was the equitable owner. *Held*, that the alleged cause of action was a liability implied by law which arose when the money was received by E.; that it was subject to the six-years statute of limitations then in force (Code Pro. § 91), and so was barred.

Money in the hands of one person, to which another is equitably entitled, may be recovered by the latter in a common-law action for money had and received, subject to the restriction that the mode of trial and the relief which can be given in a legal action is adapted to the exigencies of the case and is capable of adjustment in such an action without prejudice to the interests of other parties.

No privity of contract is required to sustain such an action, except that which results from the circumstances, and it is immaterial whether defendant's original possession was rightful or wrongful.

The fact that the relation between the parties has a trust character does not, *ipso facto*, in all cases, exclude the jurisdiction of a court of law.

*It seems* that if an equitable action could have, and had, been brought to enforce the alleged liability, it would still have been subject to the legal limitation of six years.

(Argued March 7, 1889; decided March 19, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made at the February Term, 1887, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial without a jury.

The complaint in this action alleged, in substance, that one Geiger and plaintiff, composing the firm of Geiger & Co., purchased, in April, 1871, of David J. Ely, defendant's testator, a quantity of teas, then in the custody of the Chicago & China Tea Company ; that it was agreed between the purchasers and that company that it should hold the teas in store and insure the same for their benefit, which it did, together with other teas belonging to Ely ; that the teas so insured were destroyed by fire and the insurance money for the whole collected and received by Ely in November, 1872, who wrongfully appropriated the whole thereof and paid no portion to Geiger or defendant, and refused to pay over or account for the same ; that Geiger assigned all his interest in the claim to plaintiff. The relief demanded was that defendants account for and pay over to plaintiff all moneys received by reason of the destruction of the teas belonging to Geiger & Co.

The material facts are stated in the opinion.

*Treadwell Cleveland* for appellant. The claim in this action is not " upon a contract obligation or liability, express or implied," within section 382 of the Code of Civil Procedure, and the six-years statute of limitations is no bar to the present suit. ( *Wyman* v. *Wyman,* 26 N. Y. 253, 256 ; *Walsh* v. *Ins. Co.,* 32 id. 427 ; *Cone* v. *Ins. Co.,* 60 id. 619 ; *Williams* v. *Everitt,* 14 East, 582.) Defendant's testator was a trustee accountable only in equity, entirely outside the jurisdiction of courts of law. (*Dias* v. *Brunell's Exr.,* 24 Wend. 9 ; *Williams* v. *Everitt,* 14 East, 582 ; Eng. Law Times, 1882, January 2, 1885.)

*C. E. Tracy* for respondents. In whatever way the company held Geiger & Co.'s tea, it, as bailee or warehouseman, had an insurable interest. (*Richmond* v. *Niagara Fire Ins. Co.,* 79 N. Y. 230, 238 ; *Dunlop* v. *Avery,* 89 id. 592.) Mr. Ely did not hold the insurance as upon teas owned by him, but as creditor of the company. (*Waring* v. *Indemnity Fire Ins. Co.,* 45 N. Y. 606 ; *Lee* v. *Adsit,* 37 id. 78, 89.)

ANDREWS, J. The statute of limitations is, we think, a conclusive answer to the claim of the plaintiff upon his own theory of the cause of action. The plaintiff insists that Geiger & Co., whose rights he represents, became the equitable owners of a specific portion of the insurance money collected and which came to the hands of David J. Ely, the defendant's intestate. The teas of Geiger & Co. were in the possession of the Chicago & China Tea Company on the 9th day of October, 1871, when the fire occurred by which they were destroyed, together with a large quantity of other teas belonging to the company. The plaintiff claims that the teas of Geiger & Co., were covered by general policies of insurance taken out by the Chicago & China Tea Company, covering teas, " their own or held in trust, or on commission or sold but not delivered;" that the underwriters adjusted and paid the loss upon the basis that the teas of Geiger & Co. were included in the risk; that David J. Ely, the appointee in the policies, received the whole amount of the insurance as adjusted and that Geiger & Co. thereupon became equitably entitled to such a proportion thereof as the value of the teas owned by them bore to the value of the whole quantity destroyed.

The defendants claim that the policies were made payable to David J. Ely to secure advances by him to the Chicago & China Tea Company prior to the purchase by Geiger & Co. of the teas owned by them, and that he was entitled to apply the whole sum received on the policies to the payment of his debt, and that Geiger & Co. were not entitled to any portion thereof until his debt was fully paid. The policies were written before the purchase by Geiger & Co., and the advances made by Ely were greater than the sum received on the policies. The whole sum received was $43,535, and the plaintiff procured a finding by the trial judge that in this sum was included $5,841.25 paid by the insurers on account of the destruction of the teas of Geiger & Co. Geiger & Co. purchased the teas in 1871 of David J. Ely, who was the financial agent of the Chicago & China Tea Company, and paid him the full purchase-price. The teas were owned by the company at the

time of the sale, but it is claimed by the plaintiff that the agency of Ely was not disclosed, and that Geiger & Co. supposed that the teas were owned by Ely and that he was the vendor. There is also proof tending to show that it was understood between Geiger & Co. and the Chicago & China Tea Company, subsequent to the purchase and before the fire, that the interest of Geiger & Co. was to be protected by insurance. Upon all the circumstances the plaintiff insists that when the insurance money .was paid to Ely he took it impressed with a trust in favor of Geiger & Co., to the extent of their interest in the teas destroyed by the fire, as represented in the fund received, and was equitably bound to account to Geiger & Co. for their equitable interest.

Assuming that the plaintiff is right in his construction of the facts, the case falls within the familiar doctrine that money in the hands of one person, to which another is equitably entitled, may be recovered in a common-law action by the equitable owner upon an implied promise arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled. The action for money had and received to the use of another is the form in which courts of common law enforce the equitable obligation. The scope of this remedy has been gradually extended to embrace many cases which were originally cognizable only in courts of equity. Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in this form of action, subject to the restriction that the mode of trial and the relief which can be given in a legal action are adapted to the exigencies of the particular case, and that the transaction is capable of adjustment by that procedure, without prejudice to the interests of third persons. No privity of contract between the parties is required, except that which results from the circumstances. (*Mason* v. *Waite*, 17 Mass. 560.) The right on the one side, and the correlative duty on the other, create the necessary privity and justify the implication of a promise by the defendant to do that which justice and equity require.

It is immaterial, also, whether the original possession of the money by the defendant was rightful or wrongful. It is sufficient that the duty exists on his part, created by the circumstances, to account for and pay it over to the plaintiff.

Nor is this form of action excluded, because in a general sense there is a relation of trust between the parties arising out of the transaction. There are many cases of trust cognizable only in a court of equity. The cases of express trusts of property are generally of this kind. The duty of the trustee to the *cestui que trust*, to perform the trust and to account according to its terms and conditions, is as a general rule enforceable only in an equitable action. The necessity of taking an account, the frequent complexity of details, the separate and varied interests often affected, and the necessity of molding the relief to suit the circumstances, render the procedure of courts of equity peculiarly suitable in the administration of formal trusts, and in many cases indispensable to the ascertainment and enforcement of the rights and obligations of the parties. But the fact that money in the hands of one person is impressed with a trust in favor of another, or that the relation between them has a trust character, does not, *ipso facto*, exclude the jurisdiction of courts of law. The general rule that trusts are cognizable in equity and are enforceable only in an equitable action, is subject to many exceptions, " as, for instance, cases of bailments, and that larger class of cases where the action for money had and received for another's use is maintained *ex æquo et bono*." (Story's Eq. Jur. § 60 ; COMSTOCK, J., *Lawrence* v. *Fox*, 20 N. Y. 278.)

The present case falls within the exception. Upon the plaintiff's theory of the facts, Geiger & Co. were the equitable owners of a *pro rata* part of the insurance money received by Ely. That firm and Ely were alone interested in the question, as it is conceded that Ely was entitled to all the money received, subject only to the claim of Geiger & Co. The only accounting required was such as was necessary to ascertain the extent of the interest of Geiger & Co., and that depended upon simple facts as readily ascertainable in a legal as in an equi-

table action.   The case, therefore, presented a cause of action upon a liability implied by law, and it was subject to the limitation of six years prescribed by section 91 of the Code of Procedure, in force when the cause of action arose.   The money was paid to Ely in 1871, and the facts were known to Geiger & Co. at or soon after that date   The action was commenced in 1881.   Assuming that an equitable action could be brought to enforce the liability claimed, it would still be subject to the limitation of six years.   (*Matter of Neilley*, 95 N. Y. 390.)   The plaintiff cannot avoid the application of the statute by treating the actual appropriation of the money by Ely in 1874 as the cause of action.   The right of Geiger & Co. to recover the money was perfect from the time of its actual receipt by Ely in 1871.   (*Lillie* v. *Hoyt*, 5 Hill, 395.)

The judgment should be affirmed.

All concur.

Judgment affirmed.