### GAULD v. LIPMAN et al.

#### (City Court of New York, General Term. December 22, 1892.)

ACTION BY ASSIGNEE—FORM—MONEY HAD AND RECEIVED.

An order for money to become due under a contract, which has been accepted by the person on whom it is drawn, operates as an equitable assignment of the fund after it is due; and the assignee may then maintain an action for money had and received against the acceptor, and he may prove facts showing the money to be due, though the complaint, being for money had and received, omits all allegations as to such facts. Ehrlich, C. J., dissenting.

Appeal from trial term.

Action by William Gauld against Julius Lipman and William Cohen for money had and received. A verdict was directed in plaintiff's favor, and defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

C. E. L. Jelliffe and George W. McAdam, for appellants.
Jacob Fromme, for respondent.

FITZSIMONS, J. The appellants were obligated to advance to one Hamilton, who was building houses, a sum of money payable in installments when said buildings reached certain stages in the course of their erection. Hamilton gave plaintiff two orders, each one dated 29th September, 1891, directed to defendants to pay him $1,000. These orders they agreed to pay as follows: One for $500 when the eleventh payment became payable under a certain building loan contract; and the other one for $500 when the last payment under said contract was due. On September 19, 1892, plaintiff demanded payment of said $1,000 from defendants, which was refused. This action was then com-

menced, which resulted in a verdict for plaintiff by direction of the court for $1,060, both parties having moved for a verdict. If on September 19, 1892, when the demand for said $1,000 was made, defendants owed that amount under their builders' loan contract to Hamilton, then the orders given by him to plaintiff operated as an equitable assignment of his claim against defendants to that extent. Lawrence v. Fox, 20 N. Y. 268. There was sufficient evidence to justify the trial justice in deciding that such a sum was due Hamilton at that time, and we are not inclined to disturb that finding. That being so, this action was properly brought. An action for money had and received may be brought where a person holds in his hands money to which another is equitably entitled. This form of action is the one adopted by common-law courts to enforce an equitable obligation. The scope of this remedy has been gradually extended to embrace many cases originally cognizable only in a court of equity. Wherever one person has in his hands money which he cannot conscientiously retain from another, the latter may recover in this form of action. Roberts v. Ely, 113 N. Y. 128–131, 20 N. E. Rep. 606.

The motion made by both sides for a verdict entitled the trial justice to direct a verdict as he did. No error was committed, and the judgment must be affirmed, with costs.

NEWBURGER, J., concurs.

EHRLICH, C. J., (dissenting.) The action for money had and received is equitable in its nature, and maintainable wherever the plaintiff is ex aequo et bono entitled to the money claimed, (Chapman v. Forbes, 123 N. Y. 532, 26 N. E. Rep. 3;) yet it is founded on the theory that the defendant has received money which of right belongs to the plaintiff. There is no evidence that the defendants ever received any moneys to or for the use of the plaintiff, to which these principles can be applied. I gather from the proofs that the defendants made a building loan contract with one Hamilton, by which they were to advance him money, as certain buildings in course of erection progressed, and the orders drawn by Hamilton on the defendants were accepted by them, payable when the eleventh payment became due under the loan contract. The complaint, being for money had and received, omitted all allegations as to the progress of the buildings, or that the eleventh advance had become due, so that the defendants could not take issue in respect to these material matters. To recover, the plaintiff was obliged to prove facts not alleged; and, while this may be done in the action where a defendant receives money which equitably belongs to a plaintiff, I do not think the rule can be extended to a case where a defendant never received money to and for the use of another, but merely agreed, as in this case, to advance certain money of his own. The defendants objected all the way through the case to the proofs offered under the complaint, insisting that they must conform thereto, and that, as the allegation did not conform to the proofs offered, they were not admissible. The objection was in each instance overruled. As the action was not technically one for money had

and received, I think the exceptions to the admission of the evidence well taken, and that the action should have been on the transaction, alleging it in the manner in which it was required to be proved. This conforms to the rule laid down in Riggs v. Chapin, (City Ct. N. Y.) 7 N. Y. Supp. 765, as well as in the recent case of Shrimpton & Sons v. Dworsky, (Com. Pl. N. Y.) 20 N. Y. Supp. 461. For these reasons the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event.