MARY A. HANN, Appellant, *v.* WEEKS W. CULVER and Another,. Respondents.

*Statute of Limitations — not avoided by a plaintiff electing to pursue an equitable · instead of a legal remedy — when the claim is barred.*

When there is an adequate remedy at law the election by a plaintiff to ask equita-· ble relief does not avoid the Statute of Limitations, which would have governed had he sought legal redress.

In an action brought to compel the defendants to render an account of the proceeds of the sale of certain land alleged to have been received by the defendants, it appeared that the plaintiff, on July 28, 1881, conveyed to the defendants a tract of land, and on the same day the defendants, by an instrument in writing, not under seal, agreed to convey to the plaintiff 100 acres of such land, any part thereof which the plaintiff might select, except a certain tract, which land the agreement declared had already been fully paid for by the plaintiff. During the latter part of the year 1881 or the spring of 1882, the plaintiff selected the 100 acres which she desired to have conveyed to her, and caused to be tendered to the defendants for execution a deed, as provided by the contract. The defendants refused to execute the deed or to make a conveyance to her. Subsequently, and on November 16, 1883, the defendants conveyed to the Barnegat and Long Beach Improvement Company all the land which the plaintiff deeded to them.

Thereafter, on July 23, 1891, an action was commenced, the complaint in which set forth the making of the contract, the defendants' refusal to perform, the conveyance by them to third parties of the 100 acres, which was the subject of the contract, the purchase price of the entire property conveyed, and that the 100 acres were proportionally of greater value than the residue of the tract, and concluded with a prayer that the defendants be adjudged to have received for the plaintiff such part of the entire purchase money as the court might find to be the portion thereof apportionable to the 100 acres selected by the plaintiff, and that the defendants be required to show in what securities they had invested such sums, and to account to the plaintiff for the proceeds of such investments, or for the moneys received by the defendants therefor, with interest.

The plaintiff's complaint, on a trial at Special Term, was dismissed upon the merits.

*Held,* that the plaintiff's claim was barred by the Statute of Limitations;

That specific performance could not be sought because, according to the allegations of the complaint, the defendants had not been in a position to perform for a period of more than six years.

APPEAL by the plaintiff, Mary A. Hann, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the city and county of New York on the 19th day of January, 1893, upon a decision of the court rendered on a trial at the New York Special Term dismissing the plaintiff's complaint upon the merits.

*Raphael J. Moses,* for the appellant.

*Thomas Allison,* for the respondents.

PARKER, J.:

The court rendered judgment dismissing the complaint on the ground that the cause of action pleaded and proved was barred by the Statute of Limitations.

On this appeal that question and none other, is presented for determination.

The plaintiff Hann, on the 28th day of July, 1881, conveyed to the defendants a large tract of land in Ocean county, State of New Jersey. On the same day, and in the city of New York, her vendees, these defendants, by an instrument in writing, not under seal, agreed to convey unto the vendor in said deed, this plaintiff, one hundred (100) acres of the land conveyed by plaintiff to the defendants. Said one hundred (100) acres to be any part of the land so conveyed which the plaintiff might select, except a tract known as the "Health Mansion Tract." The conveyance to be "a quit-claim or bargain or sale deed," without warranty.

The agreement further declares that such land has already been fully paid for by the party of the second part. Thereafter, and during the latter part of the year 1881 or spring of 1882, the plaintiff made selection of the one hundred (100) acres which she desired to have conveyed to her, and in addition caused to be prepared and tendered to the defendants for execution a deed without warranty, as provided by the contract.

The defendants refused to execute the deed or to make conveyance to her, as they had promised by their contract. And subsequently, and on November 16, 1883, they conveyed to the "Barnegat and Long Beach Improvement Company" all the land which plaintiff deeded to them, including the 100 acres which they had agreed to reconvey.

July 23, 1891, considerably more than six years after the happening of either of the events to which we have referred, this action was commenced. The complaint, after alleging the making of the contract, defendants' refusal to perform, the conveyance by them to third parties of the 100 acres, which was the subject of the contract, stating the purchase price of the entire property conveyed, and asserting that the 100 acres were proportionally of greater value than the residue of the tract, concluded with a prayer for relief ; that the defendants be adjudged to have received for the plaintiff such part of the entire purchase money as the court may find to be the portion thereof apportionable to the 100 acres selected by the plaintiff, and that the defendants be required to show in what securities they have invested such sums, and to account to the plaintiff for the proceeds of such investments or for the moneys received by the defendants therefor, with interest.

Plaintiff's right to an action at law for the damages sustained, because of the breach of the contract, was barred by the Statute of Limitations at the time of the commencement of this suit, which does not seek specific performance of the contract, because, according to the allegations of her complaint, the defendants have not been in a position to perform for a period of more than six years.

The plaintiff attempts to escape the bar of the statute by praying for an adjudication that the defendants be adjudged to have received the purchase money as trustees, and that they be required to account therefor.

An action at law for the damages sustained by the plaintiff by reason of defendants' breach would undoubtedly have proven an adequate remedy. But assuming, as the plaintiff contends, that the proceeds of the land in the hands of the defendants were impressed with a trust in favor of the plaintiff, or that the relation existing between them had a trust character, equity would not have had exclusive jurisdiction to afford relief.

In such a case, while the remedy can be pursued on the equity side of the court, a court of law has jurisdiction to give relief in the form of an action for money had and received. (*Roberts* v. *E'ly*, 113 N. Y. 128–132.)

And when the action for money had and received is barred so is the equitable action.

The rule is that when there is an adequate remedy at law, the election by plaintiff to ask equitable relief does not avoid the limitation, which would have governed had he sought the legal redress. (*Butler* v. *Johnson*, 111 N. Y. 204; *Roberts* v. *E'ly*, *supra*; *Mills* v. *Mills*, 115 N. Y. 80.)

In *Butler's* case the court say: "When the Legislature prescribed, for instance, six years in which to commence an action upon a liability or obligation, express or implied, we think it meant to include in such description an action which might formerly have been prosecuted in either court, upon or by reason of such obligation, and where the remedy would have been adequate in either, and if the form of the remedy chosen were such as would formerly have been cognizable in Chancery, yet the limitation applicable to the remedy at law would apply. There can be no sense in enlarging the time by a mere change of the form of the remedy sought, where the subject-matter of the action is precisely the same, and the remedy in either was adequate."

Under the rule established in the foregoing cases, we think, the learned trial court rightly concluded that the plaintiff's remedy at law was adequate, and that she could not relieve her cause of action from the bar of the Statute of Limitations by pursuing a remedy in a court of equity.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.