(6 Misc. Rep. 89.)

### STAFFORD v. AZBELL.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. ACTION FOR MONEY HAD AND RECEIVED—PLEADING.
    A complaint alleging an employment of plaintiff to prosecute an action for defendant; an agreement between them that the plaintiff should have half of the sum collected; a compromise of the case by the defendant, and the receipt by him of $4,000; a refusal to pay plaintiff his half of the amount; and a demand of judgment for $2,000, with interest,—states a cause of action for money had and received, which is not necessarily turned into an action for conversion by an averment that the money was received by defendant in fraud of plaintiff's rights, and fraudulently misappropriated.

2. SAME—ORDER OF ARREST.
    An order of arrest on the ground of injury to property does not alter the nature of the action as apparent on the pleadings.

(Syllabus by the Court.)

Appeal from trial term.

Action by Marshall P. Stafford against Charles C. Azbell. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before BISCHOFF and PRYOR, JJ.

Marshall P. Stafford, for appellant.

Delos McCurdy, for respondent.

PRYOR, J. It is the indisputable law of this state that a plaintiff cannot, upon allegation of one cause of action, recover on

another, "unless the defendant, by his silence or conduct, acquiesced in the trial of the new and different cause of action." Reed v. McConnell, 133 N. Y. 425, 433, 31 N. E. 22; Douglass v. Ferris, 138 N. Y. 204, 33 N. E. 1041. In the case before us, at the close of the evidence the defendant moved to dismiss the complaint "on the ground that no cause of action has been established as alleged in the complaint." The contention of the respondent is that the cause of action propounded in the complaint is for conversion, and that the proof exhibited only a right of recovery upon contract. In substance, the complaint alleges an agreement by which the defendant retained the plaintiff to prosecute a litigation, and engaged to allow him one-half of any sum collected after suit brought; avers the commencement of an action, the compromise of the case by the defendant, the receipt by him of $4,000 on such settlement, and his refusal to pay over to plaintiff his one-half of that amount. The judgment demanded is for $2,000, with interest. The cause of action so stated is, in legal effect, for money had and received, and the evidence sufficiently sustains it. Rothschild v. Mack, 115 N. Y. 1, 8, 21 N. E. 726; Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; Roberts v. Ellwood, 116 N. Y. 651, 22 N. E. 453.

But the defendant objects that because the complaint charges the settlement to have been made "in fraud of plaintiff's rights;" and "the defendant fraudulently misappropriated" the money, the action is for conversion. Unquestionably, the complaint shows a right of recovery on contract, and the allegation of fraud does not of necessity convert the claim into an action for tort. Sparman v. Keim, 83 N. Y. 245; Graves v. Wait, 59 N. Y. 156; Conaughty v. Nichols, 42 N. Y. 83; Greentree v. Rosenstock, 61 N. Y. 583; Vilmar v. Schall, Id. 564; Byxbie v. Wood, 24 N. Y. 607.

The respondent urges, however, that an order of arrest against him was obtained on the ground of injury to property; but the discrepancy of statement in the order and the complaint, while available, perhaps, on a motion to vacate the arrest, is inoperative to change the nature of the action as apparent upon the pleadings. Our opinion is that the learned trial judge misconceived the complaint, in construing it to be exclusively for tort; and, since its sufficiency to support an action of contract is not contested, we conclude that its dismissal was error.

Hitherto, we have considered the case as presented by the respondent, namely, that the evidence authorized a recovery upon contract only. It is a question, however, whether the fraudulent misappropriation of the money as charged may not constitute a cause of action for conversion; and, if so, then it is immaterial in what aspect the complaint be taken, since in either the recovery would be secundum allegata. Gordon v. Hostetter, 37 N. Y. 99, 104. Judgment reversed, and new trial ordered; costs to abide the event.