(17 Misc. Rep 567)

## STERN v. NEWMAN.

(Supreme Court, Appellate Term, First Department. July 28, 1896.)

SET-OFF AND COUNTERCLAIM—WHEN ALLOWABLE.

　　Defendant purchased property from plaintiff's assignor. From the purchase money was deducted—First, a sum believed by both parties to be the amount of the mortgage on the property given by the seller; and, second, a further amount, from which defendant was to pay certain other charges against the property, which had not been ascertained. The balance of the purchase money was paid in cash. It afterwards appeared that the amount of the mortgage debt was greater than the parties supposed. *Held*, that such excess of the mortgage debt would be set off against balance of the second sum retained by defendant after payment of charges for which it was retained.

Appeal from First district court.

Action by Alfred Stern against Benjamin Newman. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Action to recover upon an agreement whereby the defendant promised to pay to the plaintiff's assignor the overplus of a sum which it was mutually agreed by the parties named should be retained by the defendant out of the purchase money to be paid by him upon the sale of personal property; the sum so retained to be applicable to the payment of certain charges, the amount of which was unknown at the time. The defendant pleaded a counterclaim alleged to have accrued to him against the plaintiff's assignor from

the payment, under a mutual mistake of fact, of a sum in excess of the purchase money agreed to be paid by the former upon the sale above alluded to.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Louis Cohen, for appellant.
John Callahan, for respondent.

BISCHOFF, J. In November, 1894, one Jackson, the plaintiff's assignor, agreed to sell his saloon, at No. 198 William street, in the city of New York, to the defendant, for $8,750, out of which sum there was to be allowed the amount due upon an existing mortgage of the fixtures made by Jackson to the Budweiser Brewing Company. The sale was consummated by the delivery of a bill of sale and the transfer of the possession of the saloon to the defendant, and at the time the latter deducted from the purchase money—Firstly, $6,478, believed by both parties to be the amount of the mortgage debt alluded to; and, secondly, $250, retained under a special agreement then and there entered into, whereby the defendant was to apply so much of such sum as was required to discharge certain arrears of water rents, the amount of which had not been ascertained, and to pay the overplus, if any, to Jackson. The residue of the purchase money was paid in cash and notes since transferred to third persons, and also paid. The water rents subsequently proved to be but $110, and the actual amount of the mortgage debt $6,782.50, which last-mentioned sum the defendant paid by his own promissory notes to the Budweiser Brewing Company, secured by a new mortgage of the same fixtures, executed by him. In this action by Jackson's assignee to recover the overplus of the sum retained by the defendant to satisfy the arrears of water rents, the latter sought to avail himself of the sum paid by him in excess of the sum agreed to be paid upon the sale and purchase of the saloon, owing to the mistake with regard to the amount of the mortgage debt.

The facts narrated above appear from uncontroverted evidence at the trial, and are not challenged upon this appeal. Indeed, the only grounds upon which the plaintiff's counsel asks us to uphold the judgment in his client's favor are that there was no proof of an assignment of the mortgage debt to the defendant, that the latter's payment of such debt did not inure to Jackson's benefit, and that non constat Jackson is not under a continuing liability to the Budweiser Brewing Company therefor. Obviously, the plaintiff's counsel and the court below totally misapprehended the defendant's claim. It was not that, by subrogation or assignment, he was entitled to demand and receive from the plaintiff's assignor, Jackson, any part of the latter's indebtedness to the Budweiser Brewing Company, but that owing to the mutual mistake of fact with regard to the amount of the mortgage debt, which at the time of the sale of the saloon was a lien upon the fixtures thereof, the plaintiff's assignor had received from the defendant $304.50, which, ex æquo et bono, he was bound to return at the time of his assignment of the overplus of the sum retained by the defendant to satisfy the arrears of water rents. 18 Am. & Eng. Enc. Law, 225, etc.; Keener, Quasi

Cont. 26. The sum paid by the defendant in excess of the agreed purchase money upon the sale of the saloon was recoverable by him in an action ex contractu, as for money had and received by the plaintiff's assignor to his use. Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606. And the cause of action was equally available to him as a counterclaim, to the extent of the plaintiff's demand. Code Civ. Proc. §§ 501, 502.

The judgment should be reversed, and a new trial had, with costs to the appellant to abide the event. All concur.