(20 App. Div. 470.)

## LAWATSCH v. COONEY.

(Supreme Court, Appellate Division, Third Department. September 8, 1897.)

MONEY HAD AND RECEIVED—WHEN ACTION LIES.

Where the vendee of land is to pay the vendor a certain sum, less the amount of incumbrances, and the vendee pays a mortgagee more than is due on the mortgage, an action for money had and received will lie in favor of the vendor against the mortgagee to recover the excess; and this though the vendor has a right of action against the vendee, and whether the mortgagee received the excess by mistake, inadvertence, or fraud.

Parker, P. J., dissenting.

Appeal from trial term, Ulster county.

Action for money had and received, by Anthony H. Lawatsch against John J. Cooney. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Plaintiff was the owner of a flouring mill and lot, on which defendant held a mortgage. The mill was destroyed by fire, and the defendant collected the insurance, which paid the mortgage all but $330.39. One John C. Sutton had bought some grain for the plaintiff of one John J. Relyea, and to secure him therefor the plaintiff had given him security in the form of a deed on the vacant lot. Afterwards the plaintiff contracted to sell the vacant lot to said John J. Relyea for $1,400, with the understanding that Relyea was to pay the liens on said lot out of said $1,400, and pay the balance to the plaintiff. Thereupon the said John

C. Sutton, at the request of the plaintiff, conveyed the said vacant lot to the said John J. Relyea, subject, among other things, to the amount due and unpaid on the defendant's mortgage. The defendant thereupon demanded and received from the said John J. Relyea $500 as the balance due and unpaid on his mortgage, whereas the actual amount then due and unpaid was only $342.16; the defendant having thus demanded and received out of said $1,400 purchase money $257.84 more than was in fact due and unpaid on his mortgage, and the said Relyea deducted the said $590, which included the excess of $257.84, from the said $1,400 purchase money belonging to the plaintiff. John J. Relyea afterwards absconded, and has never been heard of since.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

John E. Van Etten, for appellant.
George Van Etten (John J. Linson, of counsel), for respondent.

HERRICK, J.  By the terms of the conveyance of the real estate the plaintiff was to receive the sum of $1,400, less the amount of the several liens and incumbrances upon such real estate. Among such liens and incumbrances was a mortgage given by the plaintiff and his wife to the defendant for the sum of $1,600. Payments had been made upon this mortgage, by the application of moneys derived from insurance policies, so that at the time the defendant gave the satisfaction to Relyea there was due, for principal and interest, the sum of $342.16. Relyea paid to the defendant upon such mortgage, upon receiving the satisfaction, and the defendant received, the sum of $590. This $590, of course, was paid upon the assumption that the plaintiff owed the defendant that amount upon the mortgage, and the only right that the defendant had to receive the moneys from Relyea was in payment and satisfaction of the plaintiff's debt to him. It is apparent, then, that the defendant has received more than he is entitled to; that Relyea, to clear off the incumbrances on the real estate he had purchased, has paid out more than was due upon such incumbrances, and the amount thus paid out has been deducted from the amount of the purchase price of such real estate, from the amount that the plaintiff was entitled to receive; and that the defendant has money in his hands which should have been paid to the plaintiff. It seems to me that the law applicable to this state of facts is stated in the case of Roberts v. Ely, 113 N. Y. 128, 131, 20 N. E. 606, 607, as follows:

"Money in the hands of one person, to which another is equitably entitled, may be recovered in a common-law action by the equitable owner, upon an implied promise arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled. The action for money had and received to the use of another is the form in which courts of common law enforce the equitable obligation. The scope of this remedy has been gradually extended to embrace many cases which were originally cognizable only in courts of equity. Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in this form of action, subject to the restriction that the mode of trial and the relief which can be given in a legal action are adapted to the exigencies of the particular case, and that the transaction is capable of adjustment by that procedure, without prejudice to the interests of third persons. No privity of contract between the parties is required, except that which results from the circumstances. Mason v. Waite, 17 Mass. 560. The right on the one side, and the correlative duty on the other, create the necessary privity, and justify the implication of a promise by the de-

fendant to do that which justice and equity require. It is immaterial, also, whether the original possession of the money by the defendant was rightful or wrongful. It is sufficient that the duty exists on his part, created by the circumstances, to account for and pay it over to the plaintiff."

Whether this money was received by the defendant through mistake arising from a miscalculation as to the amount due to him from the plaintiff on such mortgage; or whether, for the·purpose of enabling Relyea to remove the liens upon the real estate that had been purchased by him, he coerced him into paying a larger amount than was due; or whether he procured him to pay such sum by misrepresenting the amount that was due,—makes no difference. In either event, the defendant received more money than he was entitled to receive. It was in equity the plaintiff's money which was being used to pay his debts, and was paid upon the supposition that the plaintiff owed that amount; and, whether received by mistake, inadvertence, or fraud, it does not belong to the defendant, but does belong to the plaintiff, and should be paid to him. It is no answer to say that the plaintiff would have a right of action against Relyea, that Relyea had no right to pay more than was actually due upon the liens and incumbrances upon such real estate, and that the plaintiff could maintain an action against him for the difference between $1,400 and the amount actually due upon the incumbrances. It is not necessary for us to decide in this case whether that is true or not, but, conceding it to be so, that does not deprive the plaintiff of his right of action against the defendant for the moneys that he has received that in equity belong to the plaintiff, and that he received under the claim or understanding that that amount was due from the plaintiff to him.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur, except PARKER, P. J., dissenting.