and it was while new tackle was being prepared to obviate the diffi-culty that the structure fell. One of the plaintiff's witnesses testi-fied that the sixth truss fell first towards the south, and hit the fifth truss, and that this knocked down all the trusses. There is some testimony to contradict the evidence that the trusses, when erected and at all times thereafter, were more or less out of plumb. Dun-ning says that he did not know the fact till about a half an hour be-fore the accident, but the jury were justified, on the evidence, in finding that the trusses were out of plumb for several days, and that Dunning was negligent in failing to observe such fact. For some time after the first truss was put in place there was a plumb line on it, but this was removed after the second truss was erected.

We do not agree with the contention of the plaintiff that the maxim, "Res ipsa loquitur," applies to this issue. There are two classes of cases to which it has been frequently applied,—those re-lating to the liability of carriers of passengers, and those where there has been interference with the safety of a public highway. Beyond these classes of cases the courts have not been swift to apply the rule. In Cosulich v. Oil Co., 122 N. Y. 118, 25 N. E. 259, the court refused to apply it where an explosion had occurred on the defendant's prem-ises, which caused petroleum to run into the river, whereby plaintiff's vessel at an adjacent wharf was burned. The court held that it was incumbent on the plaintiff to establish negligence as an affirmative fact, and that the simple fact of an explosion did not point to un-skillfulness or carelessness or defect in construction or omission to keep in repair. But in the present case we think that evidence that the trusses were out of plumb when erected, and continued to remain so, taken in connection with the impossibility of their falling so long as they remained plumb, was sufficient to establish negligence prima facie. This being true, there was evidence requiring the court to sub-mit the question of negligence to the jury, and, the question having been fairly submitted to the jury, the verdict is conclusive. For these reasons, the judgment should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.

---

(29 Misc. Rep. 400.)

## WERNER v. PADULO et al.

(Supreme Court, Trial Term, New York County. November 3, 1899.)

1. LANDLORD AND TENANT—DESTRUCTION OF PROPERTY BY FIRE—RECOVERY OF RENT PAID IN ADVANCE.

Where a lease of premises for a year recites that, in case of total destruc-tion by fire or otherwise, the rent shall be paid up to the time of such destruction, and then and from thenceforth the lease shall cease, the ten-ant, on a total destruction by fire, is entitled to recover back rent paid in advance beyond the time of the fire.

2. SAME—MEASURE OF RECOVERY.

Where no evidence is offered to show that the value of the enjoyment of the premises varied in the different months of the year, the measure of recovery applicable is the pro rata share of the year's rent.

Action by Laura Werner against Carmino Padulo and another to recover back rent paid in advance. Judgment for plaintiff.

Maurice Rapp, for plaintiff.

McCrea, Somerville & Taylor, for defendants.

McADAM, J. The defendants, as landlords, demised unto the plaintiff, as tenant, certain real property at Coney Island, in the borough of Brooklyn, with the buildings thereon, for one year from March 1, 1898, at the rate of $2,200 for the term, payable $1,200 on the signing of the lease, $500 on June 15th, and the remaining $500 on July 5, 1899. The plaintiff paid the $1,200 in advance as agreed, and on May 26, 1899, the buildings were totally destroyed by fire. The action is by the tenant to recover back the unearned portion of the rent paid, because such destruction rendered further use or enjoyment of the subject-matter impossible. The cause of action is based on that part of the fire clause contained in the lease, by which it is stipulated "that, in case of total destruction of the premises by fire or otherwise, the rent shall be paid up to the time of such destruction, and then and from thenceforth this lease shall cease and come to an end." As the rent, by the terms of the lease, was payable in advance, the fire clause can be effective only in one way, to wit, by holding that on the happening of the contingency provided for the lessors must refund the unearned rent, for the provision clearly contemplates that rent is to be paid only during the time actual enjoyment was possible. Suppose the tenant had paid the rent in advance for the entire year, and the destruction had happened the second day after the payment; could the lessors have retained the year's rent in the face of this special agreement? Certainly not. If the fire clause is to be construed to mean that the tenant is merely to be relieved from rent payable after a total destruction, then the fire clause is meaningless; for without it the statute would have furnished the same protection. Laws 1860, c. 345; Laws 1896, c. 547, § 197. The fire clause in Tarkovsky v. George H. Hess Co., 64 Ill. App. 513, did not contain the words "that the rent shall be paid up to the time of such destruction," so as to imply that an abatement or return thereof was to be made by the lessors,—a feature that distinguishes the two cases. Courts should effectuate a contract whenever it can be done by a fair and rational construction of the language used. 2 Pars. Cont. (6th Ed.) 506. The defendants have received from the plaintiff $608.50 of his money, for which he has received no equivalent, and to which they have no legal or equitable right. The case, therefore, seems to fall within the familiar doctrine that money in the hands of one person, to which another is equitably entitled, may be recovered in a common-law action, upon an implied promise arising from the duty of the person to account for and pay over the same to the person beneficially entitled. Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; Weston v. Brown, 158 N. Y. 360, 53 N. E. 36. "And it is immaterial," said the court in Roberts v. Brown, supra, "whether the original possession of the money by the defendant was rightful or wrongful. It is sufficient that the duty exists on his part, created by the circumstances, to account for and pay it over to the plaintiff." No question has been raised as to the measure of recovery applicable, which is presumably the pro rata share of the year's rent, no evidence

having been offered to show that the value of the enjoyment varied in the different months of the year. The plaintiff is therefore entitled to judgment for $608.50, and interest.