### THOMAS v. RUHL et al.

(Supreme Court, Trial Term, New York County. February 23, 1900.)

BILLS AND NOTES—SET-OFF.
> Where, on an exchange of realty, defendants gave plaintiff money to be applied on taxes assessed against the property, which taxes they were compelled to pay because of plaintiff's failure to apply the money left in her hands thereto, they were entitled to set off such money in an action by plaintiff on a note given by them for the difference in the value of the properties.

Action by Anna M. Thomas against Franz Ruhl and others to recover on a note, in which defendants set up a counterclaim. Judgment for plaintiff, less the amount of the counterclaim.

Quackenbush & Wise, for plaintiff.
Geo. Eckstein, for defendants.

McADAM, J. On August 13, 1898, the plaintiff and defendants entered into a contract for the exchange of certain properties; the defendants agreeing to convey to plaintiff certain premises of theirs in New York City, subject to mortgages aggregating $29,400, and the plaintiff agreeing to transfer to defendants certain premises of the plaintiff at Freeport, Queens county, subject to a mortgage of $2,200. There was a difference of equities amounting to $1,000 in favor of the plaintiff, which the defendants adjusted by giving the plaintiff two notes,—one for $500, payable 6 months after date; the other for a like amount, payable 12 months after date. The action is on the last-mentioned note, and the partial defense interposed is a counterclaim growing out of the exchange, as follows: By the contract the defendants were to pay the taxes of 1898 on their property; and the plaintiff, the taxes of said year on her property. The amount of tax on the defendants' property was fixed, but could not be paid at the time of closing title, the tax officials not being ready to receive it. The defendants thereupon left the amount of said tax with the plaintiff, that she might pay the same when the tax office was ready to receive it, and the understanding was that she was to so apply the money left with her. The plaintiff did not pay the tax on the defendants' property; claiming that, as the property had become hers, the defendants were no longer interested in what became of the money. The second mortgagee of the New York property commenced foreclosure proceedings, and the defendants, who were on the bond, were compelled to pay the taxes to avoid a defi-

ciency on the foreclosure sale, and to make their covenant in the deed to plaintiff as to incumbrances good. In this manner the defendants have paid the taxes on the New York property twice,— first by giving the money to the plaintiff to pay the same, and next to the tax collector, by coercion of the foreclosure and covenant aforesaid; and for this reason the defendants now counterclaim the amount of money left with the plaintiff to pay the taxes, upon the ground that the plaintiff received said money for a specific purpose, and until so applied it remained the money of the defendants. This result would seem to follow. The legal duty of paying the taxes on the defendants' property devolved upon them by operation of law (2 Rev. St. [9th Ed.] p. 1691), by the terms of their contract, and by the covenant in their deed against all incumbrances excepting the specified mortgages. To discharge this duty, the defendants gave to the plaintiff so much of their money, which the plaintiff agreed to apply in exoneration of the property and of the defendants. For the specific purpose of paying these taxes the plaintiff became the agent of the defendants, answerable to them as such for the proper application of the money. The delivery of money to a person to be applied to specific purposes, to which the donee consents, creates a valid trust as to such money. In re Cooper (Sur.) 27 N. Y. Supp. 425, 429. The plaintiff having received the money to pay the taxes of 1898, it was impressed with a trust for that purpose, and having failed to perform the trust, and, as a consequence, necessitated the payment of the money by the defendants to the tax collector, the plaintiff has become possessed of so much of the defendants' money, for which she has made no return, and cannot, in equity or good conscience, retain it. See Cow. Treat. (Kingsley's Ed.) §§ 309, 310; Minor v. Ozier, 84 Ga. 476, 10 S. E. 1088. When the intention of parties is established, courts must enforce the contract so as to give effect to such intention. The law is settled that, whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in an action for money had and received, upon an implied promise arising from the duty of the person in possession to account for and pay over the same. Roberts v. Ely, 113 N. Y. 128; 20 N. E. 606; Weston v. Brown, 158 N. Y. 368, 53 N. E. 36.

The counterclaim has been established, and the plaintiff is entitled to judgment for the amount of the note in suit, less said counterclaim. The parties may agree upon the interest, and the clerk will insert the proper amount of the judgment in the minutes.