(40 Misc. Rep. 186.)

### SOULS v. LOWENTHAL et al.

(Supreme Court, Appellate Term. March, 1903.)

1. WAREHOUSEMAN—CONTRACT TO INSURE.

    Where owner of certain materials deposits them with a warehouseman on his statement that they would be insured against fire under the policies held by him, and the property is destroyed while in storage, the owner may recover for their entire loss, where the general policies paid to the warehouseman cover his property and exceed his loss.

2. BEST AND SECONDARY EVIDENCE.

    In an action against a warehouseman to recover insurance on goods stored with him and destroyed by fire, where two policies are in evidence, which describe the materials stored, and exceed their value, admitting on the part of plaintiff the proofs under those policies is not a violation of the rule requiring the production of the best evidence, although they describe all the other policies not in evidence.

3. WAREHOUSEMAN—LOSS OF GOODS STORED—INSURANCE.

    In an action against a warehouseman to recover insurance on goods stored with him and destroyed by fire, where he has received on two policies covering the goods stored money enough to pay the plaintiff, who sues for himself alone, the conditions of other policies running to the warehouseman are immaterial.

Appeal from City Court of New York, General Term.

Action by William Souls against William and David Lowenthal. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

James F. Lynch (J. Murray Downs and Robert G. Scherer, of counsel), for appellants.

Chittenden & Fiero (Joshua M. Fiero, of counsel), for respondent..

GIEGERICH, J. The action is brought to recover a sum of money received by defendants as insurance upon goods belonging to the plaintiff, but burned while in their possession. The goods were alleged to have been "materials, hair, rags, and waste" which were to be manufactured by the defendants into merchandise for the plaintiff. The evidence was that before the goods had been sent to the defendants they had told the plaintiff that all his goods, while in their possession, were covered by general policies of insurance, in reliance on which statement he carried no special insurance, nor any insurance on them in his own name. Before they were manufactured as intended, the defendants' storehouse in which they had been placed was burned, with its contents. The defendants reported the loss to the plaintiff, and told him that when they received their insurance they would "make it right." They also asked what the value of the goods was, and were informed that it was about $200 or $175, and stated that they hoped they had ample insurance to cover his loss, but had not yet made up their proofs of loss, and could not tell. Thereafter they made up their proofs of loss, and included therein an item of $175 for goods belonging to the plaintiff. No evidence was presented for the defense. Both sides having moved for a direction of a verdict, the court directed the jury to find in favor of the plaintiff, and from the judgment entered on such finding an appeal was taken to the General Term of the court below, which affirmed the judgment, and from that affirmance an appeal has been taken to this court.

The defendants insist that the case of Gutman v. Rogers (City Ct. N. Y.) 13 N. Y. Supp. 576, on appeal (Com. Pl.) 13 N. Y. Supp. 891, is decisive against the plaintiff, who rejoins that that case is unsound and in conflict with Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606, and other decisions of the Court of Appeals. I cannot discover any conflict between those two cases, however. In the former it was said when the appeal was before the General Term of the late Court of Common Pleas, 13 N. Y. Supp. 891, "that defendant had never agreed to insure plaintiff's goods; that plaintiff never asked defendant to insure his goods; that plaintiff did not know until after the fire that there was any insurance"; and again at page 893: "The properties of eleven several persons who might claim the benefit of respondent's insurance were destroyed by the fire. These properties were of unequal values, so that to ascertain the proportion of indemnity payable to each an accounting in equity was indispensable." The court therefore held that the dismissal of the complaint was justifiable. In Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606, on the contrary, it appeared that Geiger & Co., the plaintiff's assignor, purchased of the defendant's testator a quantity of teas, then in the custody of the Chicago & China Tea Company; that it was agreed between the purchasers and that company that it should hold the teas in store, and insure the same for their benefit, which it did, together with other teas belonging to defendant's testator; that the teas so insured were destroyed by fire, and the insurance money for the whole was collected and received by defendant's testator, who refused to pay over or account for the same to Geiger & Co. The court held that "the right of Geiger & Co. to recover the money was perfect from the time

of its actual receipt" by the defendant's testator. The following remarks, at page 131, 113 N. Y., and page 607, 20 N. E., made in the course of the opinion emphasize the difference of that case from Gutman v. Rogers, and its likeness to this case:

"There is also proof tending to show that it was understood between Geiger & Co. and the Chicago & China Tea Company, subsequent to the purchase and before the fire, that the interest of Geiger & Co. was to be protected by insurance."

And at page 132, 113 N. Y., and page 608, 20 N. E.:

"That firm [Geiger & Co.] and Ely [defendant's testator] were alone interested in the question, as it is conceded that Ely was entitled to all the money received, subject only to the claim of Geiger & Co. The only accounting required was such as was necessary to ascertain the extent of the interest of Geiger & Co., and that depended upon simple facts, as readily ascertainable in a legal as in an equitable action."

Neither do I think the exceptions to rulings on evidence present any error which would warrant a reversal of the judgment.

There were offered and received in evidence two policies of fire insurance, of $2,000 each, issued by the Manhattan Fire Insurance Company to the defendants "on merchandise, hazardous, nonhazardous, and extrahazardous, including packages of their own, or held by them in trust, or on commission, or sold, but not removed, contained," etc., in the defendants' storage warehouse, which was burned. Two drafts, for $2,000 each, given by the said insurance company to the defendants, with the latter's indorsements, and with their receipt annexed, were also put in evidence. Next, the proofs of loss sworn to by one of the defendants, which had been submitted by them to this company on these policies, were offered and received in evidence against the objection of the defendants' attorney. These proofs, as appears by the summary thereof printed in the record, state and show, by a detailed list of the companies, policy numbers, and amounts, that there was an aggregate insurance of $37,500 on the contents of the warehouse. They also state and show, by an itemized inventory, that the value of the insured property at the time of the fire was $38,984.-66, and the losses $38,984.66. They also contain the statement, "The companies pay $37,500." One of the items in this inventory was as follows: "Wool stock from William Souls, $175." Objection to the admission of these proofs of loss was made on the ground that they were immaterial, and that the policies of insurance were the best evidence, and "on the further ground that the plaintiff may not offer in evidence one of a series of papers, but must offer every policy of insurance, every proof of loss, and every release, so that the whole transaction may be here before the court." The defendant who subscribed these proofs of loss was also put on the stand, on behalf of the plaintiff, and was asked whether they had the policies in the other companies as therein specified, and he answered "Yes," before the objection that the policies were the best evidence was ruled upon. The motion to strike the answer out was denied, and an exception taken.

It is contended now on appeal that there was nothing to identify the plaintiff's property described in the complaint as the "wool stock"

mentioned in the proofs of loss. I think, however, that there was a sufficient identification, and, besides, this defect of proof, if it was such, was not specified by the defendants' attorneys at any time during the trial.

It is also claimed that it was error to admit the proofs of loss and the testimony of one of the defendants that they had the policies therein specified, and in support of this claim the principle stated in Dow v. Whetten, 8 Wend. 166, is invoked, viz., that when a party is claiming under a contract, as having been made for his benefit, and the contract is in writing, the writing is the best evidence.

I do not think, however, under the circumstances of this case, that this rule applies. It is undisputed that the plaintiff deposited his goods with the defendants under the assurance of the latter that they would be covered while in their possession by general policies of insurance. It is shown, moreover, that they were so covered by at least two such policies, of $2,000, on which the defendants received payment in full. Under these circumstances, I do not think the exact terms of the remaining policies are material, as between the plaintiff and the defendants. If others besides the plaintiff were interested, as often happens in similar cases, in the moneys which the defendants held in trust or for the benefit of a number, and the insurance was insufficient to cover the losses, then the terms of the various policies would be important upon an accounting, to ascertain how the funds should be apportioned; but no such question can arise here, as it does not appear that any one besides the plaintiff and the defendants have any interest in these moneys, and the latter cannot be heard to say, after their assurance to the plaintiff above mentioned, and on which he relied, that his goods were not covered by the policies, equally with their own.

The recovery allowed was such portion of $175 as $37,500 bears to $38,984.66. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.