(55 Misc. Rep. 502)

### AMBROSE v. REILLY.

(City Court of New York, Trial Term. May, 1907.)

COURTS—MUNICIPAL COURTS—JURISDICTION—EQUITY CASES.

An action for money had and received, based on plaintiff's being entitled to half the estate of a decedent, and that all the funds in the administrator's hands had been paid to defendant pursuant to the surrogate's decree, involves a review of such decree, the readministration of the estate and the determination of the right to participate in its funds, and the exercise of an equity jurisdiction, and therefore cannot be maintained in the City Court.

Action by Daniel J. Ambrose against Richard Reilly. The complaint was dismissed, and plaintiff moves for a new trial. Motion denied.

Bassett & Thompson, for plaintiff.
Jacob E. Salomon, for defendant.

WADHAMS, J. The plaintiff brings this action as for money had and received, claiming to be entitled to one-half the estate of Elizabeth C. Reilly, deceased.

It appears from the complaint that pursuant to the surrogate's decree all the balance in the administrator's hands was paid to the defendant. After dismissal of the complaint motion is made for a new trial. The cause of action alleged necessarily involves a review of the surrogate's decree, in which case application should be made to the surrogate to open his decree or an original accounting as to the distribution of the estate of Elizabeth C. Reilly, deceased, in which case the proper jurisdiction would be the Supreme Court. In neither case has this court jurisdiction. The determination of the plaintiff's right to share in the funds of the estate involves more than may be shown in a court of law. An action for money had and received will be against one who has in his hands money which in equity and good conscience belongs and ought to be paid to another. 15 Am. & Eng. Enc. of Law (2d Ed.) 1096; Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606. But as stated in the case last cited in reference to an action for money had and received:

"Whenever one person has in his possession money which he cannot conscientiously retain from another, the latter may recover it in this form of action, subject to the restriction that the mode of trial and the relief which can be given in a legal action are adapted to the exigencies of the particular case."

From the complaint it appears that the relief demanded must involve a readministration of the estate and a determination of the right to participate in its funds. The mode of trial and the relief adapted to the exigencies of a case such as this were indicated by Judge Bartlett in Matter of Killan, 172 N. Y. 547, 560, 65 N. E. 561, 564, 63 L. R. A. 95, where, speaking for the majority of the court, he says:

"We hold that the petitioner was at liberty to invoke one of two remedies. He could require the administrator to account in this proceeding, or he might have summoned him and all the parties in interest into a court of equity for a like purpose."

The complaint in the case at bar, in my opinion, necessarily involves the exercise of an equity jurisdiction not conferred upon this court. Motion denied.