(125 App. Div. 613.)

## COHEN v. STECKLER.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

MONEY RECEIVED—RECOVERY—COMPLAINT.

Plaintiff and defendant entered into an agreement to exchange real property. Plaintiff allowed defendant the amount of arrears of the interest on two mortgages against his land and the tax, which amount defendant agreed to apply to that purpose. *Held*, that a complaint in an action by plaintiff against defendant for that amount in the event of his failure to apply it as agreed did not state a cause of action, where it did not show that plaintiff was damaged thereby.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Max Cohen against Max Steckler. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

M. H. Newman, for appellant.
Isaac Miller, for respondent.

JENKS, J. This is an appeal from a judgment dismissing the complaint because it did not state a cause of action. The complaint shows these facts: The plaintiff and Steckler agreed to exchange real properties. The plaintiff accordingly delivered the deed of his property to Goodman, the assignee of Steckler, subject to two mortgages. The amount of arrears of the interest on the mortgages and the tax on that property were allowed by the plaintiff to Steckler (and Goodman). Steckler agreed to apply that amount to that purpose, but failed and neglected to do so. The plaintiff therefore sued Steckler and Good-

man to recover that amount. The plaintiff's motion to dismiss his complaint as to Goodman was granted.

I think that the judgment should be affirmed. Under the agreement for exchange the plaintiff was bound to pay the interest on the mortgages and the taxes. Plaintiff's allowance to Steckler (and Goodman) of the amount necessary to make such payment was in effect to discharge plaintiff's obligation, and his premises were taken as if presented for the exchange under the agreement therefor, freed from such charges. It does not appear that plaintiff had been damaged by the neglect or omission of Steckler to make the application of these moneys, or that after the delivery of the deed of the premises by the plaintiff to Goodman (who stood in Steckler's shoes) plaintiff remained liable either for the interest upon the mortgages or for the taxes.

The cases cited by the plaintiff to sustain his contention can be discriminated. In Thomas v. Ruhl, 30 Misc. Rep. 567, 62 N. Y. Supp. 929, the defendants, who left the amount of the tax with the plaintiff for payment, were on the bond of the mortgage, and were compelled to pay the taxes in order to avoid a deficiency in foreclosure proceedings; and thus they paid the taxes twice, once to the plaintiff and again to the tax collector. In Sage v. Truslow, 88 N. Y. 241, Styles was personally liable upon the mortgage, which had been foreclosed, and the judgment for deficiency entered against Styles had been increased by the amount of the tax, which Truslow had agreed to pay. The rule cited from Rector of Trinity Church v. Higgins, 48 N. Y. 532, does not apply, because, so far as the plaintiff shows, it does not appear that the agreement of Steckler was to "do any act to prevent damage to the plaintiff."

The dismissal was "without prejudice and without costs." It may be that the plaintiff can state a cause of action; but I think that he has not done so in this complaint.

Judgment of the Municipal Court affirmed, with costs. All concur.