(15 App. Div. 580.)

### HEIDENHEIMER et al. v. BOYD.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)·

MONEY HAD AND RECEIVED—WHEN ACTION LIES.

Defendant, who received from a third person moneys of plaintiff in payment of a debt due from such third person, is liable to plaintiff therefor,. unless he had no notice that it was plaintiff's money.

Appeal from trial term, New York county.

Transferred from the First department.

Action by Charles Heidenheimer and another against Robert Boyd. From a judgment for $3,009.03, entered on a verdict in favor of plaintiffs, and from an order denying a motion for new trial,. defendant appealed. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,. HATCH, and BRADLEY, JJ.

Henry Daily, Jr., for appellant.

· M. Weinman, for respondents.

GOODRICH, P. J. The plaintiffs seek to recover the sum of $2,500, which was received by the defendant under circumstances which are differently stated by the parties. The plaintiffs, being engaged in a brewery business, desired to obtain a loan of $50,000 upon notes of the Bavarian Star Brewing Company, in which they were large stockholders. They had in their employ one Peter Buckle. Buckle was indebted to the defendant upon loans amounting to $2,500, for which he held his notes. Buckle testified that in December, 1892, or January, 1893, he asked the defendant if he could loan the plaintiff $50,000, and that the defendant said he could do so upon good security; whereupon notes for the $50,000 were made out, and handed to Buckle, together with $100,000 stock of the brewing company as collateral security. All of these were handed to the defendant at a subsequent interview. At the time of the application to the defendant he demanded that a payment should be made to himself of $2,500 as a bonus for obtaining the loan, and this sum he agreed to repay provided the loan was not effected. The defendant testified that this $2,500 was given to him by Peter Buckle in payment of his notes, and that he handed him back the notes at the time of the transaction. A sharp issue is thus raised between the plaintiffs and defendant as to the circumstances and conditions upon which the $2,500 was handed to the defendant. The court charged that there was a direct conflict of testimony upon the issue, and instructed the jury that if it found the facts to be that the defendant received the $2,500, knowing that it came from the plaintiffs, and was to be paid to the defendant specifically in consideration of his promise to procure the loan alluded to, and that he promised to return the same to the plaintiffs in the event of a failure to procure such loan, then the verdict must be for the plaintiffs; otherwise the verdict must be for the defendant. The verdict of the jury has established the truth of the testimony offered by the plaintiffs, and we cannot disturb their conclusion.

The defendant requested the court to charge that if the jury believed that the defendant received the $2,500 in payment of the claim which Peter Buckle owed the defendant, then the jury must find for the defendant. The court declined to make such charge, having already charged that such payment must have been made in ignorance of the fact that the money was the property of the plaintiffs, and was intrusted to Buckle for the specific purpose of paying the same to the defendant. The request made by the defendant was not of itself sufficient to justify a verdict for the defendant, as it did not include the important element referred to by Judge Finch in the case of Newhall v. Wyatt, 139 N. Y. 452, 34 N. E. 1045, when he said: "I think it is equally well settled that the payment of money to a creditor who receives it in discharge of an existing debt innocently and without knowledge or means of knowledge that the debtor paying had no rightful ownership of the fund is good and effectual, and does not subject the recipient to a recovery by the true owner." There was testimony tending to show that the money belonged to the plaintiffs, and the request ignored any

knowledge on the part of the defendant of the ownership of the money, as well as any opportunity of the defendant to know that fact. The court also refused to charge that if the jury believed that the defendant returned to Jacob Buckle the evidences of Peter Buckle's indebtedness, and waited for a year before demanding the $2,500, he had acquiesced in the payment of the money by Buckle in discharge of his own indebtedness. The transactions between Buckle and the defendant in the absence of the plaintiffs cannot conclude their rights, and there was no error in the refusal to charge as requested.

We see, therefore, no reason to disturb the verdict, and we affirm the judgment, and the order denying the motion for a new trial. All concur.