(59 App. Div. 253.)

MIKLES v. HAWKINS.

(Supreme Court, Appellate Division, Second Department. March 27, 1901.)

1. MONEY OF PRINCIPAL—RECEIPT BY THIRD PERSON FROM AGENT—ACTION TO RECOVER—PRIMA FACIE CASE.

A complaint alleged that plaintiff delivered milk to M. under an agreement that M. should ship and sell it with his own, and pay plaintiff, out of each check received in payment, his proportionate share, less commissions, but that M. handed all checks received to defendant, who collected and retained the proceeds, though he knew, or ought to have known, that plaintiff was entitled to his share thereof, and that he promised to pay the same on demand. *Held*, that evidence that defendant knowingly received money from checks as alleged belonging to plaintiff, and retained the same as against plaintiff, made out a prima facie case, under the complaint, and that proof of an express promise to pay the same to plaintiff was unnecessary.

2. AGENT'S AUTHORITY—INFERENCE—COURSE OF DEALING.

An agent's authority may be inferred by the jury from a course of dealing.

Goodrich, P. J., dissenting.

Appeal from trial term, Orange county.

Action by James Mikles against Moses Hawkins. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, JENKS, and SEWELL, JJ.

John C. R. Taylor, for appellant.

Henry Bacon, for respondent.

JENKS, J. This is an appeal from a judgment entered upon the dismissal of the complaint at trial term at plaintiff's close. For a first cause of action, the plaintiff complains that he delivered a quantity of milk to one McCarty under an agreement that McCarty would ship and sell the milk, with that of his own dairy, to customers, and

would pay to the plaintiff out of each check received in payment his proportionate share, less commissions, but that McCarty handed all the checks to the defendant, who collected and retained the proceeds, although at the time defendant knew, or ought to have known, that the plaintiff was entitled to his share of said checks. Plaintiff also pleads a demand upon the defendant and his promise to pay. The plaintiff gave evidence to sustain these allegations. The bill of particulars read in evidence by the defendant on cross-examination shows a regular allowance for the commissions. The defendant testified in his examination, under a third-party order in proceedings supplementary to execution, which was read in evidence by the plaintiff: "I remember when the milk for which this judgment was rendered was being bought of Mikles [the plaintiff]. I knew the milk came from Mikles, and I paid for this milk to McCarty. I thought that the milk that came from Mikles was all paid for. I think I did tell him to buy this milk." The plaintiff further testified that, after failing to receive his full due from McCarty, he went to the defendant, told him of the relations with McCarty, and that defendant said that he knew it, and also admitted that he had received all of the checks received for the milk. Under the rule of Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287, it cannot be said that inferences could not be deduced from the testimony that McCarty was the agent of the plaintiff to sell and to return to plaintiff his share of the proceeds, less the commissions; that the defendant knew this, and that notwithstanding he received from plaintiff's agent, and has retained in payment of an existing debt of McCarty to the defendant, money which was due to the plaintiff from McCarty. That the learned court conceded that the testimony might be thus construed is apparent from these remarks incident to the motion to dismiss:

"But taking it the strongest way you can, he [the plaintiff] used him [McCarty] as an agent of his own. McCarty was the plaintiff's agent to sell the milk and pay him the money, and he got into debt with Hawkins [the defendant], and instead of paying the plaintiff he used the money to pay his debt to Hawkins, and when the plaintiff brought Hawkins' attention to the fact he said: 'It is an honest debt, there is no doubt whatever that he owes you, and I will see that you are paid, and I will pay you.' * * * Now, the law says that you cannot collect upon that promise, unless you get him to put it down in writing."

Evidently, the dismissal as to this cause of action was based upon the final sentence. I think that proof of an express promise was not necessary. If the defendant had knowingly received and retained the money of the plaintiff, then an action might lie therefor. I think that a prima facie case was made out, and that the complaint may be read as sufficient to maintain it. Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; Seeber v. Association, 36 App. Div. 312, 316, 55 N. Y. Supp. 364. It would not be a defense that the money was received by the defendant in payment of an existing debt of McCarty, unless the defendant had received the money innocently, and without knowledge, or means of knowledge, that his debtor had no rightful ownership therein. Heidenheimer v. Boyd, 15 App. Div. 580, 44 N. Y. Supp. 687, citing Newhall v. Wyatt, 139 N. Y. 452, 34 N. E. 1045. Further, if, as the defendant testified he had paid for the milk to McCarty, it may

be fairly inferred that he received money due to plaintiff, and had then returned it to McCarty to be paid to the plaintiff, that does not establish a defense, in view of the testimony of the plaintiff that the agreement between him and McCarty was that the latter should pay plaintiff's money directly to the plaintiff. Whether it may be inferred from the course of dealing that McCarty had authority to pay all proceeds first to defendant, and then to receive plaintiff's share from the defendant as payment to the plaintiff, was a question for the jury. Lamb v. Hirschberg, 1 Misc. Rep. 108, 20 N. Y. Supp. 678, and authorities cited. I express no opinion as to the liability of the defendant, but I advise reversal, on the ground that the dismissal of the complaint at the close of plaintiff's case was error.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur, except GOODRICH, P. J., who dissents.