### TOWN OF BLEEKER v. BALJE.

(Supreme Court, Appellate Division, Third Department.   May 4, 1910.)

1. MONEY RECEIVED (§ 8*)—RIGHT OF ACTION—MONEY WRONGFULLY OBTAINED.

Defendant was a supervisor of plaintiff town, but, instead of having his claim against the town for services audited by the town board of audit as required by law, he annually presented it to the county board of supervisors, and the amount audited by it and allowed was included in the tax directed to be levied on the town, the motion for the levy being made by defendant, and the county paid defendant the amount so audited and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

charged it to the town, and, when the town collector paid to the county the money collected under his tax warrants, the county reimbursed itself · for the amount paid defendant, and credited the town therewith. *Held*, that the town could maintain an action against defendant as for· money had and received to recover the amount illegally paid him by the county for which the town was compelled to reimburse it, as defendant in legal effect obtained money belonging to the town, though he did not obtain it directly from it, and that a part of the money called for by the town tax warrant was not collected was immaterial; the county having fully reimbursed itself from the first moneys returned by the town tax collector.

[Ed. Note.—For other cases, see Money Received, Dec. Dig. § 8.*]

2. MONEY RECEIVED (§ 1*)—NATURE OF ACTION.

An action for money had and received lies to recover money in the hands of one person to which another is ·equitably entitled upon an implied promise arising from the possessor's duty to account therefor; the action being of broad scope and arising from the efforts of the law to enforce equitable obligations.

[Ed. Note.—For other cases, see Money Received, Cent. Dig.· § 1; Dec. Dig. § 1.*]

3. MONEY RECEIVED (§ 5*)—PRIVITY OF CONTRACT.

No privity of contract is essential to maintain an action for money had and received except that resulting from the circumstances, and it is immaterial whether defendant's original possession was rightful or wrongful, or whether the money can be traced.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 14–20; Dec. Dig. § 5.*]

4. MONEY RECEIVED (§ 6*)—RIGHT OF ACTION.

An action for money had and received lies against an agent to recover the amount of his own debt discharged by off setting the amount due his principal though he actually receives no money; it not being necessary that money be actually received in order to maintain the action.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 21–27; Dec. Dig. § 6.*]

5. MONEY RECEIVED (§ 8*)—RIGHT OF ACTION—MONEY WRONGFULLY OBTAINED.

An action for money had and received lies to recover money obtained through extortion, deceit, or theft, the tort being waived in such cases,· so that as a rule such action will lie to recover money wrongfully and illegally paid public officers as where they obtained illegal fees, etc.

[Ed. Note.—For other ·cases, see Money Received, Cent. Dig. § 30; Dec. Dig. § 8.*]

6. MONEY RECEIVED (§ 14*)—RIGHT OF ACTION—PERSONS LIABLE—PERSONS RECEIVING MONEY.

An action for money had and received lies not only against the one wrongfully appropriating the money, but also against one receiving it with knowledge of the appropriator's want of title.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 41–43; Dec. Dig. § 14.*]

7. TOWNS (§ 70*)—CLAIMS AGAINST TOWN—PRESENTATION FOR AUDIT—NECESSITY.

While a town officer could not sue the town on a claim for services without first submitting his claim to the town board for audit, where the town sues him on a demand as for salary wrongfully received, it thereby waives the statutory requirement as to audit, and subjects itself to the same rules as natural persons, so that the officer may counterclaim for his unaudited claim against the town.

[Ed. Note.—For other cases, see Towns, Dec. Dig. § 70.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Fulton County Court.

Action by the Town of Bleeker against William Balje. From a judgment dismissing the complaint, plaintiff appeals, and from an interlocutory judgment sustaining a demurrer to a counterclaim defendant appeals. Judgment dismissing complaint reversed and new trial granted, and interlocutory judgment reversed, with leave to reply.

See, also, 128 App. Div. 932, 113 N. Y. Supp. 1148.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

J. Keck, for plaintiff.
Dewitt C. Moore, for defendant.

HOUGHTON, J. The defendant for several years was supervisor of the plaintiff town, in the county of Fulton, and during the period of his incumbency in office, instead of having his account against the town for services as supervisor audited by the town board of audit and made a part of the town budget, he annually presented the same to the board of supervisors, and caused it to be audited by them. The amount thus allowed was included in the tax directed to be levied on the town under the heading "Audited by board and charged to town"; the motion for such levy being made by the defendant himself. The clerk of the board of supervisors issued an order upon the county treasurer directing him to pay to the defendant the amount thus audited and charge the same to the town of Bleeker, this plaintiff. On presentation of such script, the county treasurer paid to the defendant the amount thereof out of moneys belonging to the county of Fulton, and charged the amount thereof against the plaintiff, the town of Bleeker; and, when the collector of that town made his return and paid over the moneys collected by virtue of his tax warrant, the county reimbursed itself, and the town was credited in the amount which had been charged to it. The successor in office of the defendant as supervisor demanded that the defendant return a large portion of the moneys so received by him on the ground that the board of supervisors had no power to audit his claims, and that the defendant had illegally obtained and retained moneys belonging to the town. The defendant refused to pay, and this action was brought in form for money had and received. The action was referred, and the learned referee, although holding that the board of supervisors had no authority to audit the defendant's claim as supervisor against his town and conceding that the levy of the tax was illegal, dismissed the plaintiff's complaint on the ground that the plaintiff had failed to show title to the moneys which the defendant had received. The position of the learned counsel for the defendant is that, if there be any action at all in favor of plaintiff, it is against the county or county treasurer for illegally reimbursing itself for its unlawful payments made to the defendant, and that, if there be any action against the defendant, it is only in behalf of the county or the county treasurer when it or he shall have been compelled to reimburse the plaintiff.

We are of the opinion that the facts disclosed at least an equitable title in plaintiff to the moneys which the defendant illegally received,

and that an action for money had and received therefor lies in its behalf. An action for money had and received is of broad scope, and is the outgrowth of the efforts of courts of law to enforce equitable obligations. Whatever criticism may be made as to the scope and form of the action as encroaching upon an action in equity, it is the settled doctrine that money in the hands of one person to which another is equitably entitled may be recovered in a common-law action by the equitable owner upon an implied promise arising from the duty of the person in possession to account for and pay over to the person beneficially entitled. Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606. No privity of contract is required to sustain the action except such as results from the circumstances, and it is immaterial whether the defendant's original possession was rightful or wrongful. It is unnecessary to trace the money which the defendant may have received, nor is it essential to the maintenance of the action to show that money itself was actually received. The action in such form lies against an agent who discharges his own debt by off-setting it against an amount due his principal, although no money actually passes or comes to his hands. Beardsley v. Root, 11 Johns. 464, 6 Am. Dec. 386; Allen v. Brown, 44 N. Y. 228. So, too, such an action lies where one has obtained money from another through extortion, imposition, deceit, or theft. In all such cases the tort may be waived, and the claim made for money had and received. It is a general rule that an action in such form may be maintained to recover money which has been paid to public officers where they have wrongfully and illegally exacted greater costs or fees than is allowed by law; for example, against a sheriff or a justice of the peace or revenue officer (1 Wait's Law & Practice, 710), and also against an attorney who on settlement with a defendant exacts greater taxable costs than the law allows (Moulton v. Bennett, 18 Wend. 586; Britton v. Frink, 3 How. Prac. 102). Likewise the action lies against a usurper of a public office to recover the salary received while so unlawfully occupying the office. Kessel v. Zeiser, 102 N. Y. 114, 6 N. E. 574, 55 Am. Rep. 769. Although neither the assessors nor the collector of a municipality so represent it as to bind it by their acts, one may recover from such municipality a tax illegally collected, provided the municipality actually directed its collection in the manner in which it was done. Teall v. City of Syracuse, 120 N. Y. 184, 24 N. E. 450. The action lies not only against the person who appropriates the money of another, but also against the person who receives it if he has notice that the person paying it over has no title or right so to do. Amidon v. Wheeler, 3 Hill, 137; Heidenheimer v. Boyd, 15 App. Div. 580, 44 N. Y. Supp. 687. These decisions illustrate the varied character of claims on which an action for money had and received may be brought.

The defendant knew, or must be presumed to have known, that the board of supervisors could not audit his claim as supervisor against the town which he represented. Although he may have acted in entire good faith, concededly such auditing was a nullity. Nevertheless he procured it to be done and also procured to be levied upon the taxable property of his town, this plaintiff, the amount thus audited for the

purpose of obtaining the money thereon. To be sure, in the first instance he obtained the money of the county, but he intended what was ultimately brought about, that the town should reimburse the county. The ultimate object of the whole scheme was to get from the town the amount of money which the board of supervisors audited to him. As between the plaintiff and the defendant, it does not aid the defendant to say that he did not directly obtain the town's money. He obtained the money of the town indirectly by inducing the county to advance it with the expectation and understanding that such advancement should be repaid by the town. In legal effect, therefore, the defendant illegally obtained moneys which belonged to this plaintiff. Nor does it aid the defendant to say that a portion of the moneys called for by the town tax warrant were uncollected. These uncollected moneys were assessed back on the town from year to year, and, in any event, the county fully reimbursed itself from the first moneys returned by the tax collector.

Of course, as is held in People v. Ingersoll, 58 N. Y. 1, 17 Am. Rep. 178, and People v. Fields, 58 N. Y. 491, and kindred authorities, upon which the defendant relies, a plaintiff must show some title to the moneys which were received or misappropriated. In our view, the plaintiff did show such title because it was money raised by taxation by the plaintiff which was ultimately obtained; the course pursued to bring that about being of no importance. If we are correct in this conclusion, it follows that the dismissal of the complaint was error, and that the judgment must be reversed.

The defendant by his answer set up a counterclaim for moneys due him from the plaintiff town for services and disbursements made by him as its supervisor. The plaintiff demurred to such counterclaim on the ground that it did not state facts sufficient to constitute a cause of action. Such demurrer was sustained because the law requires such services and disbursements to be audited before they become a claim against the town. Concededly the defendant could bring no affirmative action against the town on any claim which he might have for services or disbursements without first submitting his claim to the town board for audit. That is the tribunal to which the law has committed the adjustment and settlement of town charges. But, where the town sues a person to whom it is indebted, a different rule appears to prevail. Under such circumstances it is expressly held in Taylor v. Mayor, 82 N. Y. 10, that the municipality must be deemed to have waived the statutory requirement as to audit and to have consented to subject itself to the same rules as prevail between natural persons, and that the person so sued can counterclaim or off set without audit any indebtedness on the part of the plaintiff to himself. We feel bound by that decision.

It follows, therefore, that the demurrer was improperly sustained, and the interlocutory judgment must be reversed, with costs.

Inasmuch as both parties have appealed and both succeeded, no costs of this appeal should be allowed to either party. The judgment dismissing plaintiff's complaint is reversed, and a new trial granted, and the interlocutory judgment sustaining plaintiff's demurrer to the

defendant's counterclaim is reversed, with costs in the court below, with leave to the plaintiff to withdraw such demurrer and reply on payment of such costs, and without costs to either party on this appeal. All concur.