DAVID W. BUCKLIN, Appellant, *v.* WILLIAM J. MORTON, Respondent.

(Supreme Court, Appellate Term, First Department, November, 1918.)

Contracts — when plaintiff entitled to recover back money paid in advance to physician for services.

> Where performance of a contract for the rendition of services by defendant as a physician at his office is rendered impossible by reason of the continued illness of the plaintiff, he is entitled to recover back the money paid in advance under the contract and not as a retainer, and a judgment dismissing the complaint in such an action will be reversed and judgment directed for plaintiff.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of defendant.

Jerome C. Lewis, for appellant.

Wilson B. Brice, for respondent.

GUY, J.  Plaintiff appeals from a judgment dismissing the complaint in an action brought to recover back moneys paid in advance by plaintiff to defendant for medical services to be rendered by the defendant as a physician at defendant's office, said services to begin on the 20th day of September, 1916, and continue for one month thereafter.  The action was begun on the 10th day of July, 1917, nearly ten months after expiration of the term of treatment.

The uncontradicted evidence establishes that prior to the making of the contract dated September 21,

1916, plaintiff had received treatment and medicine from defendant, for which he paid as each treatment was received, and after plaintiff had received such treatment at defendant's hands for a considerable time, defendant on September 21, 1916, told plaintiff he was going to have a few private patients who were going to pay him $250 per month, and asked plaintiff if he would take such treatment and make payment in advance therefor; that plaintiff agreed so to do and did pay said sum as requested, the understanding being that plaintiff should attend and receive treatment at defendant's office; that plaintiff immediately thereafter became very ill and was unable to attend at defendant's office for such treatment *and has been ever since unable to leave his, plaintiff's, house;* and that no part of the treatment so contracted for has been rendered by the defendant.

Plaintiff testified that subsequently defendant called him up on the 'phone, and, being told of plaintiff's condition, stated: " I would not keep your money; I will return it," and that later, upon further demand being made for the money, defendant refused to return it, saying he regarded it as a " retainer." The rule governing cases of this character has been well stated by Bischoff, J., in *Fisher* v. *Monroe,* 12 N. Y. Supp. 273, as follows: " The principle underlying these cases is that the contract was entered into by the contracting parties upon the implied condition of the continued ability of the party who is to render the services, to perform, and that, when unable to perform because of sickness or physical or mental incapacity proceeding from no wilful or deliberate conduct of the party, such inability is in consequence of an act of God, and excuses performance. * * * the obligation of the party who is to receive the services, to pay is conditional upon the obligation of the party who is to ren-

der the services to perform, and *vice versa.* If the contract of employment is to continue operative and binding, those interdependent obligations must continue to exist; and if one party is excused from the performance of his obligations, the obligations of the other party must likewise come to an end.''

The rule would seem to be equally applicable to both parties to a contract where the services to be rendered and received were dependent upon the physical ability of plaintiff to attend for treatment and of defendant to give the treatment. In the event of illness of the defendant and his physical inability to perform, he would not have been liable for damages for breach of contract (*Town of Bleecker* v. *Balje,* 138 App. Div. 706; *Roberts* v. *Ely,* 113 N. Y. 128; *Spalding* v. *Rosa,* 71 id. 40); but would have been obligated to return to plaintiff the money paid in consideration of services subsequently to be rendered and not actually rendered. *Mendenhall* v. *Davis,* 52 Wash. 169.

If, by reason of defendant's inability to perform through no fault of his, the contract ceased to be binding upon defendant, it became inoperative in like manner to the same extent in the event of similar disability on the part of the plaintiff. *Stewart* v. *Loring,* 5 Allen, 306.

There is no evidence to support the contention of defendant-respondent that the money was paid as a retainer. It was paid in contemplation of services to be rendered, the rendition of which, by reason of the continuing serious illness of plaintiff, became impossible. On the expiration of the period during which the monthly treatment was to have been rendered, the plaintiff became entitled to the return of the money, there being no proof of any expense having been incurred by defendant in preparation therefor prior to plaintiff's permanent disability.

· The judgment must be reversed and judgment directed in favor of plaintiff for the full amount, with interest and costs in this court and the court below.

BIJUR and MULLAN, JJ., concur.

Judgment reversed, with costs.