ELIAS SIMADIRIS, Suing on Behalf of Himself and All Other Banquet Waiters in the Employ of HOTEL WALDORF ASTORIA CORPORATION, Similarly Situated, Appellant, v. HOTEL WALDORF ASTORIA CORPORATION, Respondent.

First Department, March 31, 1953.

*Vito Marcantonio* of counsel (*David M. Freedman* and *Abraham Unger* with him on the brief; *Vito Marcantonio,* attorney), for appellant.

*Simon H. Rifkind* of counsel (*Jay H. Topkis* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondent.

*Per Curiam.* On a previous appeal herein (281 App. Div. 665, 666) this court said: " The present action is brought on behalf of employees to enforce rights as third-party beneficiaries of contracts between the defendant and patrons or guests of its hotel."

The mere circumstance that the contract alleged in the complaint is one for the benefit of third persons does not, in this State, render the action equitable in nature. Such an idea may have been derived from the " so-called English rule that a third person cannot sue on a contract made for his benefit, unless the contract has the effect of creating a trust, which was followed in *Signs* v. *Bush* (1917) 199 Mich. 192, 165 N. W. 820 " (73 A. L. R. 1395), a rule which, the learned annotator adds, " seems now to have been abandoned in Michigan." It has not been law in New York (*Lawrence* v. *Fox,* 20 N. Y. 268). Our courts have not been embarrassed by the strict rule of the English common law, that actions at law upon contracts can be maintained only between the parties to the contracts (see the numerous decisions in New York State cited under note 1 of § 381 of 2 Williston on Contracts [Rev. ed.]). Williston says (§ 356): " The great weight of American authority recognizes a direct enforceable right, both at law and in equity, arising from a contract promising performance for either of the first two types of beneficiaries — the donee beneficiary and the creditor beneficiary." (See, also, §§ 357, 381.) Again in section 359 Williston adds: " The desirability of enforcing the rights of beneficiaries only in proceedings in equity or corresponding proceedings under codes in which not only the promisor and the beneficiary [sic] are parties has not been much recognized by the courts, but where there are other grounds of equitable jurisdiction than the mere fact that a beneficiary is interested, enforcement under such proceedings is of course permissible " (citing *Croker* v. *New York Trust Co.,* 245 N. Y. 17; *Vogeler* v. *Alwyn Improvement Corp.,* 247 N. Y. 131, and *Weinberger* v. *Van Hessen,* 260 N. Y. 294). In the leading case of *Seaver* v. *Ransom* (224 N. Y. 233, 241–242), which was an action by a third-party beneficiary to enforce a contract to make a will, it was said. that " The

equities are with the plaintiff and they may be enforced in this action, whether it be regarded as an action for damages or an action for specific performance to convert the defendants into trustees for plaintiff's benefit under the agreement.'' Without attempting to review the decisions outlining the legal and equitable remedies for enforcing contracts to make wills, it is evident that the Court of Appeals has determined that actions by third-party beneficiaries are to be considered as having been instituted at law or in equity according to the criteria which would govern if the plaintiffs were parties to the contracts.

In the present action, as has been pointed out, plaintiffs are suing to recover money which they allege was paid to defendant, the promisee, under contracts for their benefit as third-party beneficiaries. In a certain sense, it may be said that defendant is claimed to hold these moneys as fiduciary for plaintiffs, yet the situation does not really differ, in this respect, from an action by a principal against an agent, to collect money paid to the agent for the account of the principal. Such actions have been held to be at law for money had and received (*Town of Bleecker* v. *Balje,* 138 App. Div. 706).

The order appealed from should be reversed, with $20 costs and printing disbursements, and defendant's motion to transfer the action from the Trial Term of Supreme Court to the Special Term should be denied.

COHN, J. P. (dissenting). The complaint here in essence sets forth that defendant hotel holds in trust a fund of some $3,000,000 created by many contracts, and that plaintiff and other persons, as the third-party beneficiaries of those contracts, are the beneficiaries of the trust.

Plaintiff, suing in a representative capacity, is seeking to impress a trust on the sums improperly held; is asking that an accounting be had and that the court administer the fund by dividing it among those whose interests may appear. Though in his prayer for relief plaintiff demands judgment for a sum of money only, the facts stated in the complaint show that the cause of action is in equity requiring equitable relief. It is not an action for the recovery of money only. A court of equity alone can afford the remedies and relief necessary to redress the wrongs alleged. (*Bell* v. *Merrifield,* 109 N. Y. 202, 207; *Auerbach* v. *Chase Nat. Bank,* 251 App. Div. 543, 545.) The order striking the case from the jury calendar and placing it upon the Special Term Calendar should in all respects be affirmed.

CALLAHAN, VAN VOORHIS and BREITEL, JJ., concur in *Per Curiam* opinion; COHN, J. P., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and disbursements to the appellant and the motion denied. [See *post,* p. 972.]