DOUGLAS SYMMERS, Suing on His Own Behalf and Others, Respondent, *v.* HOWARD CARROLL et al., as Executors of JOHN H. STARIN, Deceased, Appellants.

Carriers — insurance — when carrier has insured merchandise "for account of whom it may concern" he must, in case of loss, account to owners for amount collected beyond extent of his charges — equity — pleading.

1. A common carrier can, if he so desires, insure the goods left in his charge, not only for his own benefit but for the benefit of the owners as well. Where he has insured for "account of whom it may concern" and after a loss has received the proceeds of the policy, he holds the money as trustee for those concerned.

2. A common carrier who has insured "as freighter, forwarder, bailee, common carrier or for account of whom it may concern, loss, if any, payable to him or order, * * * on goods, wares and merchandise" and, after a loss, has been relieved by decree of the Federal courts from all liability to the owners of the cargo, cannot collect the amount of the loss on their property beyond the extent of his charges, except as trustee. Where he has collected the whole amount of insurance, the owners of the cargo may call him to account and it is his duty to state his account, prove the items of his loss and after paying himself divide what remains of the insurance money among the owners according to their respective rights and interests.

3. In such a case equity has jurisdiction of an action by some of the owners for the benefit of all to recover their proportionate interests, on the ground of avoiding a multiplicity of suits and the difficulty of making a proper apportionment. It is not necessary to allege in the complaint that there was any previous contract or arrangement between the carrier and the shippers that he should procure insurance on their account or that they should pay any part of the insurance premium. It is sufficient if he intended to insure their interests in the cargo for their benefit, and such intention is established by the words in the policy "for account of whom it may concern." Nor is it necessary to allege that the carrier's loss did not absorb the whole amount of the insurance moneys. That fact as well as the question of other insurance of individual shippers are matters for inquiry on the accounting.

*Symmers* v. *Carroll*, 149 App. Div. 641, affirmed.

(Argued March 11, 1913; decided March 25, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 15, 1912, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Avery F. Cushman* and *James D. Dewell, Jr.*, for appellants. The owner had a right to take out insurance for his own benefit upon the goods, wares and merchandise shipped upon the *Glen Island* and intrusted to him as a common carrier, and he is not liable to the respondent for the proceeds made payable to him by the terms of the policy and paid to him. (*Baxter* v. *H. F. Ins. Co.*, 12 Fed. Rep. 481; *Kienle* v. *Gretsch Realty Co.*, 133 App. Div. 391; 1 Arnold on Ins. §173; *Phœnix Ins. Co.* v. *Erie Transp. Co.*, 117 U. S. 312; *Waring* v. *I. F. Ins. Co.*, 45 N. Y. 506; *E. R. R. Co.* v. *R. F. Ins. Co.*, 98 Mass. 420.) The owner having an insurable interest in the cargo had a right to collect and keep the insurance moneys and was liable only to those shippers who, by paying him, brought themselves under the policy. Unless the respondent shows that his assignors paid for insurance he is not entitled to any part of it. (*Baxter* v. *H. F. Ins. Co.*, 12 Fed. Rep. 481; *M. Assur. Co.* v. *Dodwell & Co.*, 128 Fed. Rep. 410; *Hagan* v. *Scottish Ins. Co.*, 186 U. S. 423; *Hooper* v. *Robinson*, 98 U. S. 528; 1 Phillips on Insurance, §§ 385-388; 2 Duer on Marine Ins. 29, 30, § 22; *Pennefeather* v. *B. S. Packet Co.*, 58 Fed. Rep. 481; *Home Ins. Co.* v. *Railway Co.*, 71 Minn. 296.) The complaint does not state facts sufficient to show a cause of action in equity. (*Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Marvin* v. *Brooks*, 94 N. Y. 71; *Black* v. *Vanderbilt*, 70 App. Div. 16; *Doyle* v. *Delaney*, 112 App. Div. 856; *Moore* v. *Coyne*, 113 App. Div. 52; *Alexander* v. *Mason*, 125 Fed. Rep. 830.)

*Henry E. Mattison* and *James Emerson Carpenter* for respondent. Starin collected the amount of the insurance as trustee for the owners of the cargo, and had no right to refuse to turn it over to them. (*Hagan* v. *S. Ins. Co.*, 186 U. S. 423; *Waring* v. *I. F. Ins. Co.*, 45 N. Y. 606; *E. R. R. Co.* v. *R. F. Ins. Co.*, 98 Mass. 420; *Munich Assur. Co.* v. *Dodwell*, 128 Fed. Rep. 410; *Cahill* v. *S. M. Ins. Co.*, 139 App. Div. 782; 204 N. Y. 190; *Pennefeather* v. *B. S. Packet Co.*, 58 Fed. Rep. 481; *Hooper* v. *Robinson*, 98 U. S. 528; *Fire Ins. Assn., Ltd.,* v. *M. & M. Transp. Co.*, 66 Md. 339; *Home Ins. Co.* v. *Railway Co.*, 71 Minn. 296.)

Cuddeback, J. This action is brought by the plaintiff in his own behalf and in behalf of all others similarly situated. Prior to December 16, 1904, John H. Starin, the defendants' testator, was the owner of a steamboat used by him in carrying merchandise and passengers from the city of New York in this state to the city of New Haven in the state of Connecticut. On the day mentioned the boat left New York bound for New Haven with a cargo of general merchandise, which included merchandise owned and shipped by the plaintiff's assignors, with the freight charges paid, or agreed to be paid thereon. While the steamboat was on Long Island Sound in the course of the voyage, it was burned to the water's edge, and the cargo was totally destroyed. By a decree of the United States District Court made under the Federal statutes, it has been adjudged that Starin was not liable for the loss or damage growing out of the destruction by fire of the merchandise on the vessel.

Before the voyage on which the fire occurred, Starin had procured from the Home Insurance Company a policy of insurance on the cargo which reads in part as follows:

"The Home Insurance Company, New York, by this policy of insurance * * * does insure John H. Starin as freighter, forwarder, bailee, common carrier *or for*

*account of whom it may concern,* loss if any payable to him or order, to the amount of $20,000, on goods, wares and merchandise," against loss by fire while on board the vessel so destroyed.

After the fire Starin collected the amount of the insurance, $20,000, but refused to pay over to the plaintiff's assignors any part thereof, though he had paid a portion of the moneys received to the owners of other parts of the cargo lost. The complaint also alleges that the plaintiff has no knowledge as to the exact value of the merchandise destroyed by the fire, nor as to the identity of the owners, but that such owners are very numerous, and the action is brought for their benefit as well as for the benefit of the plaintiff. The demand for relief is that the defendants account for the insurance moneys collected by Starin and pay over to the plaintiff and the other persons entitled to share therein their proportionate parts thereof.

To the complaint setting forth these facts the defendants demurred upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court at Special Term and an interlocutory judgment to that effect was entered, with leave to the defendants to amend on the usual terms. The Appellate Division affirmed the interlocutory judgment and in affirming the same certified that a question of law had arisen in the case which in its opinion ought to be reviewed by the Court of Appeals. The question accordingly certified is, "Does the complaint state facts sufficient to constitute a cause of action?"

The argument of the defendants is that Starin had the right as common carrier to insure the cargo for his own benefit and that he had the right to collect *and retain* the amount of the loss irrespective of the question whether he was liable to the owners of the cargo for the damages which they had sustained. The plaintiff cites *Phœnix Ins. Co.* v. *Erie & Western Transportation Co.* (117

U. S. 312), *Baxter* v. *Hartford Fire Ins. Co.* (12 Fed. Rep. 481), *Munich Assurance Co.* v. *Dodwell* (128 Fed. Rep. 410).

These were all cases wherein the common carrier had been relieved by the shipper from liability for loss occasioned by fire. It was held that although relieved from such responsibility the carrier remained liable for his negligence and, therefore, his right to collect the insurance moneys was not to be determined after the loss by inquiry whether he was in fact liable to the owners of the cargo. He could insure himself against his own negligence and against the necessity of entering into any inquiry as to his negligence. Here the shippers did not release the carrier from liability for loss by fire and the cases cited do not apply.

It is also the law that a common carrier can if he so desires insure the goods left in his charge not only for his own benefit but for the benefit of the owners as well. (*Waring* v. *Indemnity Fire Ins. Co.*, 45 N. Y. 606; *Hagan* v. *Scottish Ins. Co.*, 186 U. S. 423; *Pennefeather* v. *Baltimore Steam Packet Co.*, 58 Fed. Rep. 481; *Home Ins. Co.* v. *Minneapolis, St. Paul, etc., R. R. Co.*, 71 Minn. 296.)

In *Waring* v. *Indemnity Fire Ins. Co.* (*supra*) the policy of insurance covered oil owned by the plaintiff, " or held in trust on commission, or sold, but not removed, contained in bonded warehouse." It was held after loss that the plaintiff could recover for himself and for the benefit of a vendee for oil sold but not removed from the warehouse. Judge FOLGER said:

" It is laid down in broad terms that one may, in his own name, insure the property of another for the benefit of the owner without his previous authority or sanction, and that it will inure to the benefit of the owner upon a subsequent adoption of it, even after a loss has occurred." (p. 611.)

In *Hagan* v. *Scottish Ins. Co.* (*supra*) the defendant

insured the plaintiff Hagan, "for account of whom it may concern," against loss by fire on a tug, her hull, etc. The plaintiff subsequently sold a one-half interest in the tug to Martin. After a loss it was held that the plaintiff could recover on the policy. The court said:

"The words 'on account of whom it may concern' do not refer to those interested in the policy simply at the time it was taken out. The terms refer to the future. It is not a question of the persons concerned when it is taken out, but of those who may be concerned when the loss may occur, and who were within the contemplation of him who took out the insurance at the time he did so. It is on account of those who in the future, at the time of the happening of a loss, have the insurable interest and in regard to whom the policy will be applied. We think this the common sense interpretation of the language used and that it is justified and required by the authorities * * *." (p. 433.)

When the carrier receives the proceeds of the policy of insurance, for account of whom it may concern, he holds the money as trustee for those concerned.

No particular words are necessary to create a trust. Trust relations will be implied when it appears that such was the intention of the parties and when the nature of the transaction is such as to justify or require it. (*Hoffman House* v. *Foote*, 172 N. Y. 348.)

A person with whom or in whose name a contract is made for the benefit of another is a trustee of an express trust within the meaning of the provision of the Code of Civil Procedure (section 449). It was so held in *Duncan* v. *China Mutual Ins. Co.* (129 N. Y. 237), which was an action on a policy of insurance issued by the defendant to the plaintiff on account of whom it may concern.

Starin in this case, having been relieved by the decree of the Federal courts from all liability to the owners of the cargo for their loss by fire, could not collect the amount of the loss on their property beyond the extent

of his charges, except as trustee. It is held in *Home Ins. Co.* v. *Minneapolis, St. Paul, etc., R. R. Co.* (*supra*) that though a carrier has no pecuniary interest in the goods in his possession and is not liable for their loss by fire, he may insure them as "his own or held in trust by him," and in case of loss may recover in his own name, holding all in excess of his own claim in trust for the shipper.

If Starin held the insurance moneys as trustee then the owners of the cargo here represented by the plaintiff had the right to call him to account, and it was his duty to state his account and prove the items of his loss. (*Kilger v. Rosenfeld*, 120 App. Div. 396.) It was his further duty, after paying himself, to divide what remained of the insurance money among the owners of the cargo according to their respective rights and interest.

It is held in *Pennefeather* v. *Baltimore Steam Packet Co.* (*supra*) that where a carrier secures insurance on goods belonging to numerous owners for their benefit as well as his own, and the goods being destroyed, collects the entire amount of the insurance, equity has jurisdiction on the ground of avoiding a multiplicity of suits and the difficulty of making a proper apportionment, of a suit by some of the owners for the benefit of all who might join to recover their proportional interests therein.

Within the doctrine of the cases cited it was not necessary to allege in the complaint, as the defendant contends, that there was any previous contract or arrangement between the carrier and the shippers that he should procure insurance on their account or that they should pay any part of the insurance premium. It is sufficient if he intended to insure their interests in the cargo for their benefit and such intention is established by the words in the policy "for account of whom it may concern." Furthermore it was not necessary to allege that the carrier's loss did not absorb the whole amount of the

insurance moneys, as the fact, whatever it may be, would be brought out on an accounting.

It does not appear from the complaint that any of the shippers had taken out insurance for their own benefit or that the policy issued to the carrier contained any provisions that would be applicable if there was other insurance on the cargo. If there was other insurance obtained by any individual shipper that might affect the amount of his recovery. These matters would also be a proper subject of inquiry on the accounting with all other facts touching the rights of any of the parties to share in the insurance moneys.

The question certified should be answered in the affirmative, and the order appealed from affirmed, with costs.

CULLEN, Ch. J., GRAY, WERNER, COLLIN and MILLER, JJ., concur; HISCOCK, J., absent.

Order affirmed.