(170 App. Div. 197)

NEW YORK & BOSTON DESPATCH EXPRESS CO. v. CARROLL et al.

(Supreme Court, Appellate Division, First Department. December 3, 1915.)

LIMITATION OF ACTIONS ⬤⟞95—RECOVERY OF PROCEEDS OF INSURANCE POLICY —STATUTE.

Code Civ. Proc. § 382, subd. 1, provides that an action upon a contract obligation for a liability expressed or implied, except a judgment or sealed instrument, must be commenced within 6 years after the cause of action accrues. Section 403 provides that the term of 18 months after the death within this state of a person against whom a cause of action exists is not a part of the time limited for the commencement of an action against his executor or administrator. A vessel owner collected the proceeds of a policy of insurance upon the cargo, for the account of whom it might concern, on March 7, 1905, dying thereafter in 1907. A cargo owner brought suit against his personal representatives to recover the proceeds of the policy March 1, 1915, alleging, in his reply, that he had no knowledge of the effecting of the insurance or the collection thereof until March 20, 1912. *Held* that, whether the action be one at law for money had and received or in equity, the obligation was based

---

on an implied contract and was barred in 6 years plus 18 months, or on September 7, 1912.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 337, 473, 474; Dec. Dig. ☞95.]

McLaughlin and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by the New York & Boston Despatch Express Company against Howard Carroll and another, as executors. From an order denying their motion for judgment on the pleadings, defendants appeal. Reversed, and motion for judgment on the pleadings dismissing the complaint, granted.

The following is the opinion of Lehman, J., at Special Term:

The plaintiff sues for an accounting of moneys received by the defendant's testator on March 7, 1905, under an insurance policy made payable to him or order "for account of whom it may concern." The Court of Appeals in construing a similar complaint in the case of Symmers v. Carroll, 207 N. Y. 632, 101 N. E. 698, 47 L. R. A. (N. S.) 196, Ann. Cas. 1914C, 685, has decided that the defendant's testator, under the terms of this policy, was the trustee of an express trust for the benefit of the owners of the property, and when he "received the proceeds of the policy of insurance for account of whom it may concern he holds the money as trustee for those concerned."

It is not disputed that under the authority of that case the complaint sets out a good cause of action, but the defendant has set up the six-year statute of limitations, and moves for judgment on the pleadings on the ground that from the undisputed facts it appears that the moneys were received by defendant's testator more than six years before the beginning of the action. The defendant's testator received these moneys rightfully. He was the trustee of an express trust. While he received them as trustee for the plaintiff and others, his retention of these moneys was rightful until he was called upon to account for them. His rightful possession could not be changed into a conversion or other wrongful act until a demand for these moneys was made upon him. No such demand could be made upon him until the plaintiff had actual knowledge of the facts upon which that right depends. It does not appear that this plaintiff had in 1905 knowledge that the defendant's testator had received this money, or even that he had insured the cargo "for account of whom it may concern." Since the defendant's testator received the moneys as trustee, and since a demand upon him was necessary to entitle this plaintiff to maintain an action, it would appear that under section 410 of the Code of Civil Procedure the statute did not begin to run until the plaintiff had actual knowledge of the facts, regardless of whether the form of action be in conversion, money had and received, or on accounting. See Lightfoot v. Davis, 198 N. Y. 261, 91 N. E. 582, 29 L. R. A. (N. S.) 119, 139 Am. St. Rep. 817, 19 Ann. Cas. 747.

The defendant, however, claims that in the case of Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606, the Court of Appeals has decided that the action is barred in six years from the date of the receipt of the money. A careful reading of that case discloses that it is not authority for any such contention. It is true that in that case the court concluded its opinion by stating: "The right of Geiger & Co. to recover the money was perfect from the time of its actual receipt by Ely in 1871. Lillie v. Hoyt, 5 Hill, 395 [40 Am. Dec. 360]." The case cited arose, however, under the old statute (section 91 of the Code), and that section has been considerably changed. See Lightfoot v. Davis, supra, 198 N. Y. at page 269, 91 N. E. 582, 29 L. R. A. (N. S.) 119, 139 Am. St. Rep. 817, 19 Ann. Cas. 747. Without determining whether this change is in itself sufficient to distinguish the cases, it is to be noted that the statement of the law above cited does not represent the actual decision of the court, and must be read in connection with the actual facts and question before the court. That question was only whether the six-year statute or some longer period applied. The question of whether the statute began to run

from the date of the receipt or the date when the plaintiff had knowledge of the facts is immaterial. The real decision of the court is contained in the words: "The money was paid to Ely in 1871, *and the facts were known to Geiger & Co. at or soon after that date.* The action was commenced in 1881. Assuming that an equitable action could be brought to enforce the liability claimed, it would still be subject to the limitation of six years." (Italics are mine.)

Defendant's motion for judgment is therefore denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Avery F. Cushman, of New York City, for appellants.
Oscar R. Houston, of New York City, for respondent.

INGRAHAM, P. J. The complaint alleges a cause of action based upon the receipt by defendant's testator of certain insurance moneys upon a policy whereby the insurance company insured the defendants' testator as—

"freightor, forwarder, bailee, common carrier, or for account of whom it may concern, loss, if any, payable to" John H. Starin, "or order, to the amount of $20,000 on goods, wares, and merchandise, including live stock and baggage while on board" the vessel known as the John H. Starin (subsequently transferred to the Glen Island), owned by the said John H. Starin, "against all loss damage, detriment or hurt by fire. * * * It is the intent of these insurers to fully indemnify the assured for all general average charges and salvage expenses, and loss, damage, detriment, or hurt to said property. * * *"

The complaint alleges further that the steamer so insured was destroyed by fire on March 7, 1905, and the defendants' testator collected from the insurance company the amount of the policy, to wit, the sum of $19,500, to the account of the owner of said cargo so burned as aforesaid, that the testator died in the year 1909, and the defendants duly qualified as executors of his estate.

It seems to be conceded that this complaint set up a cause of action in favor of the plaintiff, under the decision of the Court of Appeals in Symmers v. Carroll, 207 N. Y. 632, 101 N. E. 698, 47 L. R. A. (N. S.) 196, Ann. Cas. 1914C, 685. Among other defenses, the defendants set up the 6-year statute of limitations, alleging that this action was commenced March 1, 1915, and not within 6 years after the cause of action stated in the complaint had accrued to the plaintiff and each and every one of its assignors. To that defense the plaintiff served a reply, admitting that the action was commenced March 1, 1915, and alleging that the defendants had no knowledge or information with respect to the insurance which defendants' testator had effected on the cargo of the steamer Glen Island, or of the receipt by said defendants' testator of any sums upon insurance policies or otherwise, until the attention of one of plaintiff's officers was called to a notice which appeared in the public print on March 20, 1912, of the decision in the case of Symmers v. Carroll by the Appellate Division of the Supreme Court. Upon the pleadings the defendants made a motion for judgment, which was denied, and from that order the defendants appeal. Thus the only question upon this appeal is the sufficiency of this plea of the statute.

It is alleged in the complaint that on March 7, 1905, Starin collected from the insurance company the amount of its policy "for account of the owners of said cargo so burned as aforesaid." The cause of action, therefore, arose in favor of the plaintiff on the 7th of March, 1905. Starin died in the year 1907. While a cause of action existed against him to enforce his obligation to pay the portion of the insurance money to the plaintiff, by section 403 of the Code of Civil Procedure the—

"term of eighteen months after the death, within this state, of a person against whom a cause of action exists, * * * is not a part of the time limited for the commencement of an action against his executor or administrator."

Adding 18 months to the 6 years would make the statute a bar on September 7, 1912, and this action was not commenced until March 1, 1915.

This question seems to have been presented in Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606. In that case defendant's testator was in possession of a quantity of teas which was the property of the plaintiff, and it was agreed that the defendant's testator should hold the teas in storage and insure the same for their benefit; that the teas so insured were destroyed by fire, and the insurance money for the whole collected and received by defendant's testator in November, 1872, who wrongfully appropriated the whole thereof and paid no portion to the plaintiff's assignor; and the relief demanded was that the defendant account for and pay over to the plaintiff all moneys received by reason of the destruction of the teas belonging to the plaintiff's assignor. The statute of limitations was pleaded, and the Court of Appeals held that the bar of the statute was a conclusive answer to the claim of the plaintiff upon his own theory of the cause of action. That theory is stated by the Court of Appeals as follows:

"The plaintiff insists that Geiger & Co., whose rights he represents, became the equitable owners of a specific portion of the insurance money collected, and which came to the hands of David J. Ely, the defendant's intestate."

Ely collected from the insurance company $43,535, and the trial judge found that in this sum was included $5,841.25 paid by the insurers on account of the destruction of the teas of Geiger & Co.

"Upon all the circumstances the plaintiff insists that when the insurance money was paid to Ely he took it impressed with a trust in favor of Geiger & Co., to the extent of their interest in the teas destroyed by fire, as represented by the fund received, and was equitably bound to account to Geiger & Co. for their equitable interest."

Turning to Symmers v. Carroll, 207 N. Y. 632, 101 N. E. 698, 47 L. R. A. (N. S.) 196, Ann. Cas. 1914C, 685, under which it was held that a cause of action was stated, it was there said:

"If Starin held the insurance moneys as trustee, then the owners of the cargo here represented by the plaintiff had a right to call him to account, and it was his duty to state his account and prove the items of his loss. * * * It was his further duty, after paying himself, to divide what remained of the insurance money among the owners of the cargo according to their respective rights and interests."

It seems to me that the cause of action thus alleged is similar to that alleged in Roberts v. Ely, and that the rule there laid down must apply to this case. In stating the rule applicable, the court, in Roberts v. Ely, said:

"Assuming that the plaintiff is right in his construction of the facts, the case falls within the familiar doctrine that money in the hands of one person to which another is equitably entitled may be recovered in a common-law action by the equitable owner upon an implied promise arising from the duty of the person in possession to account for and pay over the same to the person beneficially entitled. The action for money had and received to the use of another is the form in which courts of common law enforce the equitable obligation. * * * The right on the one side, and the correlative duty on the other, create the necessary privity, and justify the implication of a promise by the defendant to do that which justice and equity require. * * * Nor is this form of action excluded, because in a general sense there is a relation of trust between the parties arising out of the transaction. There are many cases of trust cognizable only in a court of equity. * * * But the fact that money in the hands of one person is impressed with a trust in favor of another, or that the relation between them has a trust character, does not, ipso facto, exclude the jurisdiction of courts of law. The general rule that trusts are cognizable in equity and are enforceable only in an equitable action, is subject to many exceptions, 'as, for instance, cases of bailments, and that larger class of cases where the action for money had and received for another's use is maintained.' * * * The present case falls within the exception. Upon the plaintiff's theory of the facts, Geiger & Co. were the equitable owners of a pro rata part of the insurance money received by Ely. That firm and Ely were alone interested in the question, as it is conceded that Ely was entitled to all the money received, subject only to the claim of Geiger & Co. The only accounting required was such as was necessary to ascertain the * * * interest of Geiger & Co., and that depended upon simple facts as readily ascertainable in a legal as in an equitable action. The case, therefore, presented a cause of action upon a liability implied by law, and it was subject to the limitation of 6 years prescribed by section 91 of the Code of Procedure, in force when the cause of action arose. * * * Assuming that an equitable action could be brought to enforce the liability claimed, it would still be subject to the limitation of 6 years. * * * The plaintiff cannot avoid the application of the statute by treating the actual appropriation of the money by Ely in 1874 as the cause of action. The right of Geiger & Co. to recover the money was perfect from the time of its actual receipt by Ely in 1871."

The learned trial judge in his opinion calls attention to the fact that this case arose under the old statute (section 91 of the Code), and that section has been considerably changed. That section is now section 382 of the Code of Civil Procedure, and I cannot find that there has been any change in this provision which at all affects this question. Subdivision 1 of that section provides now, as in the former Code, that an action must be commenced within 6 years after the cause of action has accrued "upon a contract obligation or liability, express or implied, except a judgment or sealed instrument."

I cannot see that that case has been subsequently qualified or questioned. It was applied in Adams v. Olin, 140 N. Y. 150, 35 N. E. 448, in Middleton v. Twombly, 125 N. Y. 520, 26 N. E. 621, in Strough v. Jefferson County, 119 N. Y. 212, 23 N. E. 552, and in Yates v. Wing, 42 App. Div. 356, 59 N. Y. Supp. 78. Thus it seems to me settled that this action for money had and received is based upon an implied contract; that the cause of action, whether sought to be en-

forced in a legal or equitable action, is controlled by the statute which provides for limitations in actions upon contract expressed or implied; and therefore the 6-year statute applied.

The learned court at Special Term seemed to consider that this case had been qualified by Lightfoot v. Davis, 198 N. Y. 261, 91 N. E. 582, 29 L. R. A. (N. S.) 119, 139 Am. St. Rep. 817, 19 Ann. Cas. 747; but that case presented an entirely different question. As Chief Judge Cullen said in his opinion, it was a singular case, and the question that was discussed seemed to be whether a thief could obtain a valid title to the stolen property by concealing the fact of the robbery until 6 years after it had taken place, and the court held he could not. In summing up the decision, the court said:

"In cases like the one before us there are two distinct elements of fraud: (1) the original larceny; (2) the subsequent concealment of the stolen property and of its sale and the receipt of its proceeds. Assuming (but only for the argument) that under the first no bill in equity could be maintained, I think the second affords a good ground for the interposition of equity, and, as already stated, though the plaintiff failed to identify in the estate of the deceased the proceeds of his bonds, he was still entitled to what would be a personal judgment, were the original wrongdoer still living. * * * Cases of the character of the one before us are to be distinguished from that large class, often those of principal and agent, in which it is held that an accounting in equity will not lie, and that the accounting must be had in an action at law. In such cases there exists merely a debt from one party to the other, while in those of the former class, the property or fund itself belonging to the claimant, he is entitled to follow the proceeds as long as he may be able to identify them, or, failing that, to recover, not only the amount of the fund, but also any profits acquired by its wrongful appropriation."

My view, therefore, is that the 6-year statute of limitations applied, and that the order should be reversed, with $10 costs and disbursements, and the motion for judgment on the pleadings, dismissing the complaint, granted, with $10 costs.

SCOTT and DOWLING, JJ., concur. McLAUGHLIN and LAUGHLIN, JJ., dissent, on opinion of Lehman, J.