## INTERSTATE COMMERCE COMMISSION v. KRAFT CHEESE CO. et al.

### No. 2016.

District Court, N. D. Illinois, E. D.
May 1, 1941.

Colin A. Smith and Hugh E. Lillie, both of Chicago, Ill., for Interstate Commerce Commission.

Nicholson, Snyder, Chadwell & Fagerburg and D. F. Fagerburg, all of Chicago, Ill., for Kraft Cheese Co.

David Axelrod, of Chicago, Ill., for Shippers Dispatch, Inc., Decatur Cartage Co., and Advance Transp. Co. of Illinois.

WOODWARD, District Judge.

The issues in the above entitled action having been regularly brought on for trial upon a stipulation of facts, briefs of counsel filed, and oral arguments heard, the Court being fully advised in the premises, hereby finds as follows:

### Findings of Fact

1. That the Court has jurisdiction over the parties hereto and the subject matter of this suit.

2. That the parties hereto by their respective counsel have entered into a stipulation of facts.

3. That the policies of insurance issued by Aetna Insurance Company, copies of which are attached to plaintiff's complaint as Exhibits "D", "E", and "F" were issued to defendants, Shippers Dispatch, Inc., Decatur Cartage Company and Advance Transportation Company of Illinois, respectively, for the protection of said defendant carriers; that said policies contain no provisions giving any right thereunder to defendant, Kraft Cheese Company; that in said policies the insurance company reserves the right to adjust any loss or damage with the owner or owners of merchandise lost or damaged by said defendant carriers; that under the terms of said policies issued by the Aetna Insurance Company said policies do not insure the legal liability of the assured carriers if, at the time of loss, there is any other insurance (excepting such insurance as may be arranged by the shipper or consignee) which would attach if such insurance had not been effected; that said policies contain no provisions preventing or restricting settlement by the Aetna Insurance Company with defendant carriers without the consent of defendant Kraft Cheese Company.

4. That the certificates of insurance filed with and approved by the Interstate Commerce Commission, copies of which are attached to said stipulation of facts as Exhibits "G", "H-1", "H-2", and "I", provide that the policies of cargo insurance therein described have been amended by the attachment of endorsement form No. B.M.C. 32 approved by the Interstate Commerce Commission to provide compensation for loss or damage to all property belonging to shippers or consignees and coming into the possession of the insured in connection with its transportation service; that endorsement form number B.M.C. 32, approved by the Interstate Commerce Commission, referred to in said certificates, provides that the insurance company agrees to pay any shipper or consignee for all loss of or damage to all property belonging to such shipper or consignee and coming into possession of the insured in connection with its transportation service within the limits of liability provided in said endorsement, to-wit, not in excess of $1,000 in respect of the loss of or damage to such property carried on any one motor vehicle and not in excess of $2,000 in respect to any loss or damage to or aggregate of losses or damages of or

to the property insured occurring at any one time and place; that said endorsement form number B.M.C. 32 further provides that within the limits of liability provided in said endorsement no provision contained in said policy or any other endorsement thereon shall affect the rights of any shipper or consignee under said endorsement form number B.M.C. 32; that said endorsement form number B.M.C. 32 does not amend or alter the terms and conditions of the policies to which said indorsement form number B.M.C. 32 is attached with reference to liability in excess of said $1,000 and $2,000 limited provided in said endorsement.

5. That Exhibit "J", the policy issued to defendant Shippers Dispatch, Inc., by Springfield Fire and Marine Insurance Company on December 15, 1937, covered the carrier's legal liability to shippers generally for loss in the amount of $10,000 on the cargo of any one truck or trailer and loss in the amount of $20,000 in any one disaster except in the case of certain classes of commodities such as wines, liquors, etc., not here involved, where liability was further limited; that by endorsement dated December 15, 1937, shipments for defendant Kraft Cheese Company and its subsidiary Pabstett Corporation were excepted from coverage; that the premium paid by defendant Shippers Dispatch, Inc., for said policy was 1.80% of the gross receipts received by it less the gross receipts from the companies whose shipments were not covered; that effective January 1, 1939, this rate was reduced to 1% of the gross receipts up to $40,000 and ½% of the gross receipts in excess thereof; that effective December 1, 1939, the rate for gross receipts in excess of $40,000 was reduced to ¼%; · that on June 11, 1940, this policy was extended to cover shipments for defendant Kraft Cheese Company, from which time the gross receipts received from defendant Kraft Cheese Company were included in determining the amount of the premium; that at the time this policy was extended to include defendant Kraft Cheese Company the separate policy carried by Shippers Dispatch, Inc., with Aetna Insurance Company covering shipments handled by it for defendant Kraft Cheese Company (Exhibit "D") was cancelled, more than two months prior to the commencement of this suit; that said policy (Exhibit "J") gave no rights to any shippers thereunder in excess of the $1,000 and $2,000 limits provided in endorsement form number B.M.C. 32; that said policy designated as Exhibit "J" was still in full force and effect at the time of trial.

6. That Exhibit "K-1", the policy issued to defendant Decatur Cartage Company on August 11, 1937, by United States Fire Insurance Company of New York, covered the carrier's legal liability to shippers generally not exceeding $15,000 for loss or damage on the contents of any one motor truck or trailer at any one time and not exceeding $50,000 for loss or damage in any one disaster at any one time except in the case of certain specified classes of commodities not here involved, to-wit, wines and liquors, where liability was further limited; that this policy expressly provided that it did not insure the legal liability of defendant Decatur Cartage Company where there was any other insurance which would attach if this insurance had not been effected; that it has been stipulated that Exhibit "E" (the policy issued by Aetna Insurance Company to Decatur Cartage Company) was in full force and effect at all times involved in this suit; that the premium on this policy was 1¼% of the gross receipts less gross receipts received from defendant Kraft Cheese Company; that no shippers were given any rights under said policy in excess of the $1,000 and $2,000 limits provided in endorsement form number B.M.C. 32.

7. That Exhibit "K-2", the policy issued to defendant Decatur Cartage Company on February 12, 1940, by United States Fire Insurance Company covered the legal liability of defendant Decatur Cartage Company for loss or damage to shipments not exceeding $15,000 on the contents of any one motor truck or trailer and not exceeding $50,000 in any one disaster at any one time with the exception of certain specific classes of commodities not here involved, to-wit: wines and liquors; that this policy did not insure the legal liability of defendant Decatur Cartage Company where at the time of the loss there was any other insurance which would attach if this insurance had not been effected; that it has been stipulated that Exhibit "E" (the policy issued by Aetna Insurance Company to Decatur Cartage Company) was in full force and effect at all times involved in this suit; that the premium paid by defendant Decatur Cartage Company for this policy was .8% of the gross receipts less gross receipts received from defendant Kraft Cheese Company, said rate being increased to 1% of the gross receipts less gross receipts from defendant Kraft Cheese Company on October 1, 1940; that in

this policy and in the policies designated as Exhibits "D", "E", "F", and "K-1", hereinabove referred to the insurance companies reserved the right to adjust any loss with the owner or owners of the merchandise lost or damaged; that no shippers were given any rights under the policy, Exhibit "K-2", against the insurance company in excess of the $1,000 and $2,000 limits provided in endorsement form number B.M.C. 32; that this policy was still in full force and effect at the time of trial.

8. That Exhibit "L-1", the policy issued to defendant Advance Transportation Company of Illinois, Inc., on November 1, 1937, was cancelled as of March 15, 1939, and plaintiff and defendants have stipulated that said policy can be disregarded in this case.

9. That Exhibit "L-2", the policy issued to defendant Advance Transportation Company of Illinois, Inc., on March 15, 1939, by Fireman's Fund Insurance Company, covered the legal liability of defendant Advance Transportation Company of Illinois, Inc., to shippers generally for loss or damage to shipments not exceeding $7,500 on the contents of any one truck or trailer and not exceeding $15,000 in any one loss or catastrophe except in the case of certain specific classes of commodities such as wines, and liquors, etc., not here involved, where liability was further limited; that it was provided in this policy (Exhibit "L-2") that this insurance should be null and void so far as concerns any loss to the extent of any other insurance by whomever effected directly or indirectly covering the liability of the assured for the same property; that shipments for defendant Kraft Cheese Company were specifically excepted by endorsement dated April 1, 1939, which provided that "Assured may deduct such gross receipts from the usual monthly report to the company, as are procured from Kraft-Phenix Cheese Co., in view of the lower rate provided by the Aetna Insurance Co., to the Advance Transportation Co. of Ill., Inc."; that the premium paid for said policy by defendant, Advance Transportation Company of Illinois, was originally 2¼% of the gross receipts received from other shippers less receipts from defendant Kraft Cheese Company and later on November 3, 1939, this premium was reduced to 2% of gross receipts less receipts received from defendant Kraft Cheese Company; that under paragraph 10 of this policy it was provided that the insured shall not interfere with any negotiations for settlements carried on between the insurance company and the owners of the property; that said policy gives no rights to any shippers thereunder in excess of the $1,000 and $2,000 limits provided in said endorsement form number B. M.C. 32; that this policy was still in full force and effect at the time of trial.

10. That the aforesaid policies designated as Exhibits "J", "K-1", "K-2", and "L-2" were referred to and were issued by companies named in said certificates of insurance approved by the Interstate Commerce Commission designated respectively as Exhibits "G", "H-1", "H-2", and "I".

11. That Exhibit "L-3," issued to defendant Advance Transportation Company of Illinois by Lloyd's, covered the period from March 13, 1939, to March 15, 1939, at which time it was cancelled and plaintiff and defendants have stipulated that said policy may be disregarded in this case.

12. That Exhibit "L-4", the Lloyd's policy issued to Advance Transportation Company of Illinois on March 15, 1939, indemnified defendant Advance Transportation Company of Illinois against loss or damage to property of shippers during transportation up to $9,000 in excess of the losses covered by primary policy designated as Exhibit "L-2" and covered only losses and was subject to the same terms and conditions as said policy designated as Exhibit "L-2"; that the premium on this excess policy was 3/16 of 1% of the assured's gross receipts; that this policy was effective for the period from March 15, 1939, to March 15, 1940, and was effective during the period of shipments referred to in Exhibits "A", "B", and "C".

13. That the record herein does not show that defendant carriers Shippers Dispatch, Inc., Decatur Cartage Company or Advance Transportation Company of Illinois have at any time involved in this suit granted any preference or advantage to or discriminated in favor of defendant Kraft Cheese Company.

14. That the record herein does not show that defendant carriers Shippers Dispatch, Inc., Decatur Cartage Company or Advance Transportation Company of Illinois have charged or demanded or collected or received a greater or less or different compensation for transportation or for any service in connection therewith between the points enumerated in their tariffs than the rates, fares and charges specified in the tariffs in effect at the times here in question; or that said defendant common carriers have refunded or remitted in any manner or by any device, directly or indirectly,

or through any agent or broker or otherwise to defendant Kraft Cheese Company any portion of the rates, fares or charges so specified or extended to defendant Kraft Cheese Company any privilege or facilities for transportation in interstate or foreign commerce, except such as are specified in their tariffs.

15. That the record herein does not show that defendant carriers Shippers Dispatch, Inc., Decatur Cartage Company or Advance Transportation Company of Illinois have offered, granted or given to defendant Kraft Cheese Company or that defendant Kraft Cheese Company has solicited, accepted or received from said defendant carriers any rebate, concession or discrimination at any time involved in this suit.

16. That plaintiff has not shown that the risks, conditions, and circumstances under which defendant carriers handled shipments for defendant Kraft Cheese Company were the same or similar to the risks, conditions and circumstances under which they handled shipments for other shippers.

Upon such facts so found the Court makes its conclusions of law as follows:

## Conclusions of Law

1. That defendant carriers, Shippers Dispatch, Inc., Decatur Cartage Co. and Advance Transportation Company have not violated the provisions of the Federal Motor Carrier Act, 1935, § 201 et seq., as amended, 49 U.S.C.A. § 301 et seq., by procuring and paying for the policies of insurance issued by Aetna Insurance Company designated as Exhibits "D", "E" and "F" protecting them in excess of the $1,000 and $2,000 minimum limits required by the Interstate Commerce Commission against their legal liability on shipments handled by them for defendant Kraft Cheese Company, and defendant Kraft Cheese Company has not violated any of the provisions of the Federal Motor Carrier Act, 1935, as amended, because of the fact said policies of insurance designated as Exhibits "D", "E", and "F" were carried by the defendant carriers with the knowledge of defendant Kraft Cheese Company.

2. That the Federal Motor Carrier Act, 1935, as amended, does not prevent defendant carriers, Shippers Dispatch, Decatur Cartage Company and Advance Transportation Company of Illinois, from protecting themselves against their legal liability to shippers for loss or damage to cargoes transported in excess of the minimum limits of insurance coverage required by the Interstate Commerce Commission by carrying the separate policies of insurance designated as Exhibits "D", "E", "F", "J", "K-1", "K-2", "L-2", and "L-4" covering the shipments of different shippers.

3. That the defendant carriers, Shippers Dispatch, Inc., Decatur Cartage Company and Advance Transportation Company of Illinois, were not required to specify in the tariffs, under which the shipments referred to in the bill of complaint were handled by them for defendant Kraft Cheese Company, the insurance carried by them to protect themselves against their legal liability to defendant Kraft Cheese Company for loss or damages to cargoes transported for defendant Kraft Cheese Company.

4. That in order to show that any undue or unreasonable preference or advantage has been given to defendant Kraft Cheese Company or that any particular person has been subjected to any unjust prejudice or disadvantage by reason of the defendant Carriers' treatment of defendant Kraft Cheese Company, plaintiff must show not only that a preference, advantage or discrimination has been given to defendant Kraft Cheese Company but also that defendant Kraft Cheese Company is in the same class with other shippers who have not received the alleged preference, advantage or discrimination, which the plaintiff has not shown in this case.

5. That the plaintiff has not proved any violation by any of the defendants of any of the provisions of Sections 215, 216(d), 217(b) or 222(c) or any other provision of the Federal Motor Carrier Act, 1935, as amended, or the regulations of the Interstate Commerce Commission promulgated thereunder.

6. That plaintiff's bill of complaint should be dismissed for want of equity.