YORK-BUFFALO MOTOR EXPRESS, INC., Plaintiff, *v.* NATIONAL FIRE & MARINE INSURANCE COMPANY et al., Defendants.

Supreme Court, Trial Term, New York County, June 30, 1943.

*Nathan, Mannheimer & Asche* for plaintiff.

*Simon Greenhill* for National Fire & Marine Insurance Company, defendant.

*Fred Flatow* for Rhode Island Insurance Company, defendant.

SCHREIBER, J.  It appears from the stipulated facts in this case that plaintiff, a motor express carrier engaged in interstate commerce, sustained fire losses of $7,490.50 on November 16, 1941, and of $2,345.09 on November 19, 1941, both covered as separate units by a $15,000 policy of insurance issued November 12, 1941, by defendant National Fire & Marine Insurance Company.  This insurance company refused to pay the entire loss on the ground that the clause in its policy was applicable providing that if the assured had '' other insurance '' covering the same risks, the loss is to be prorated on the basis of the total amount of insurance.  Plaintiff formerly had been covered by defendant Rhode Island Insurance Company in the sum of $25,000 on each separate vehicle, which insurance had been canceled, pursuant to its terms, by a five days' notice in writing to the assured dated October 9, 1941.  However, such policy, as required by the Rules of the Interstate Commerce Commission (U. S. Code, tit. 49, § 315), had an indorsement

(indorsement form number B. M. C. 32) which amended the policy to the extent of providing that as to $1,000 of such insurance on each loss, cancellation of liability could only be effected by a notice in writing to the Commission at Washington, D. C., effective thirty days after receipt. The Rhode Island Insurance Company failed to give such notice to the Commission until February 20, 1942, and thus it follows that such insurance in the amount of $1,000 on each vehicle remained in force (*Thompson-Starrett Co.* v. *American Mut. Liability Ins. Co.*, 276 N. Y. 266; *I. Zucker's Sons* v. *Automobile Ins. Co.*, 23 N. Y. S. 2d 83; *Atkin Co.* v. *National Liberty Ins. Co.*, 168 Misc. 334; *Interstate Commerce Commission* v. *Kraft Cheese Co.*, 38 F. Supp. 764; *Cicero Constr. Corp.* v. *U. S. Fire Ins. Co. of N. Y.*, N. Y. L. J. May 19, 1943, p. 1963; *Mass. Bonding & Ins. Co.* v. *Rutley Constr. Co.*, 159 Misc. 392). The cancellation by five days' notice in writing to the assured clearly was effectual only as to insurance in excess of that amount.

As the total loss was $9,835.59, National's prorated liability is $9,220.87 and Rhode Island's liability is $614.72 on the basis of the comparison of a $15,000 coverage to a $1,000 coverage. However, plaintiff in its negotiations with National accepted a total of $7,835.59 on both losses, apparently assuming that Rhode Island was liable for its maximum coverage of $2,000. Although plaintiff originally filed a proof of loss with National in the full sum claimed of $9,835.59, it later filed an amended proof of loss in the lesser sum in place thereof and delivered to National unequivocal releases and assignments of claim except that plaintiff's claims against Rhode Island were expressly reserved. In the opinion of the court, under all the circumstances here present, plaintiff's claims against National were thereby fully released and discharged and, in any event. there was here a completed accord and satisfaction based on a genuine dispute. (*Schuttinger* v. *Woodruff*, 259 N. Y. 212; *Hudson* v. *Yonkers Fruit Co.*, 258 N. Y. 168; *Schnell* v. *Perlmon*, 238 N. Y. 362.) It is true that in a letter to National prior to the execution of the releases and assignments plaintiff attempted to reserve an additional claim against National in the event that Rhode Island could not be made to pay. But National never approved or accepted this condition, and it is beyond the power of one who accepts payment to make conditions which can be directed solely by the party making tender or payment. (*Nassoiy* v. *Tomlinson*, 148 N. Y. 326; Restatement, Law of Contracts, § 38, subd. a.)

As to defendant Rhode Island the counterclaim and various affirmative defenses interposed are untenable. There is no case here for reimbursement under the provisions of the policy in that regard. Nor may this defendant rely on the releases and assignments to National as the claim against Rhode Island was specifically reserved therein. Failure to give Rhode Island notice of the loss until its liability was discovered some four months after the losses may be here excused under the circumstances (*Greenwich Bank* v. *Hartford Fire Ins. Co.*, 250 N. Y. 116; *Singer* v. *National Fire Ins. Co.*, 154 App. Div. 783; Insurance Law, § 172, subd. 1) and, in any case, this failure may be deemed to have arisen out of this defendant's own fault. (*Steiner* v. *Equitable Life Assur. Soc.*, 146 Misc. 292.) The plaintiff properly brings this action in its own name (Civ. Prac. Act, § 210; *American Fabrics Co.* v. *Benedict*, 166 Misc. 449, affd. 255 App. Div. 957; *Lewis* v. *Home Ins. Co.*, 199 App. Div. 556, affd. 234 N. Y. 498; *Symmers* v. *Carroll*, 207 N. Y. 632) and the claimed hazard of a possible double payment directly to the shipper or consignees is unsubstantial. (2 Black on Judgments [2d ed.] § 581; Story on Bailments [9th ed.] § 94; *Green* v. *Clarke*, 12 N. Y. 343; *First Commercial Bank* v. *Valentine*, 209 N. Y. 145; *Wilson & Co.* v. *Hartford Fire Ins. Co.*, 190 App. Div. 506, affd. 229 N. Y. 612; *American Fabrics Co.* v. *Benedict, supra; Lewis* v. *Home Ins. Co., supra.*)

It follows that judgment must be rendered dismissing the complaint as to defendant National and judgment rendered in favor of plaintiff against defendant Rhode Island in the sum of $614.72.

Motions to strike out testimony are denied. The clerk is directed to enter judgment accordingly. Appropriate exceptions are allowed. Thirty days' stay and sixty days to make a case.