George Tilzer, J.
Motion by plaintiff pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice to strike out the second separate and complete defense contained in paragraph of the -answer marked “ Sixth ” on the grounds that it appears on the face of said defense that the same is insufficient in law.
The first cause of action, to which the second separate and complete defense refers, is a wrongful death -action. In an accident which occurred on March 6, 1955, defendant’s intestate died from injuries on March 6, 1955. Plaintiff’s intestate died from injuries received in the same accident on March 9, 1955. An administrator was appointed for the plaintiff’s estate on May 2, 1955 and for the defendant’s estate on June 30, 1958. The present action was commenced on July 14, 1958.
Under the second paragraph of section 118 of the Decedent Estate Law, “ Where death or an injury to person or property, resulting from a wrongful act, neglect or default, occurs simultaneously with or after the death of a person who would have been liable therefor if his death had not occurred simultaneously with such death or injury or had n'ot intervened between the wrongful act, neglect or default and the resulting death or injury, an action to recover damages for such death or injury may be maintained against the executor or administrator of such person.” (Italics supplied.)
Section 130 of the Decedent Estate Law states that “ Such an action must be commenced within two years after the decedent’s death.”
Section 21 of the Civil Practice Act states that “ The term of eighteen months after the death within this state of a person against whom a cause of action exists * * * is not a part of the time limited for the commencement of an action against his executor or administrator, If letters testamentary or letters *718 of administration upon Ms estate are not issued within this state at least six months before the expiration of the time to bring the action, as extended by the foregoing provision of this section, 'the term of one year after such letters are issued is not part of the time limited for the commencement of such an action. ’ ’
Applying the above statutes, the plaintiff would have had until September 7, 1958 to bring an action and since letters of administration of defendant’s estate were not issued until June 30, 1958 (less than six months before Sept. 7, 1958), the plaintiff would have until June 30, 1959 to commence his action. (Matter of May, 160 Misc. 640.)
For the foregoing reasons the motion is granted.
Settle order.