Mitchell D. Schweitzer, J.
Upon the foregoing papers this motion seeking an order dismissing the two affirmative defenses in this action is disposed of as follows: That branch of the motion to strike the affirmative defense stating that the Statute of Limitations bars this action as set forth in the complaint is hereby denied. CPLR 210 (subd. [b]) provides that “ period of eighteen months after the death, with or without the state, of a person against whom a cause of action exists is not a part of the time within which the action must be commenced ’ A plain reading of the statute indicates that the term of 18 months after death is not a part of the time limited for the commencement of the action. It indicates further an intent to extend the operation of the Statute of Limitations for the period of 18 months after death rather than to enlarge the period of limitation. The accident in this case occurred on August 27,1961. The three-year Statute of Limitations expired on August 27, 1964. The defendant died on December 6, 1962. Eighteen months from that date would be June 6, 1964. Since the date of the expiration of the three-year Statute of Limitations was August 27, 1964, the plaintiffs could take advantage of the later date. They had ample opportunity between June 6,1964 and August 27, 1964, to commence the action. To extend the time beyond August 27, 1964, would be unconscionable. There is no need, in view of the foregoing disposition, to decide the other branch of the motion. This motion will now be considered in the nature of a motion for summary judgment, the motion to strike the affirmative defense of the Statute of Limitions having been denied. Under the circumstances, this action is barred by the Statute of Limitations, and the complaint is dismissed.