■ HERMAN G. SCHWARTZ et al., Appellants, v. PUBLIC ADMINISTRATOR OF THE COUNTY OF BRONX, as Administrator of the Estate of GEORGE PANOFF, Deceased, Respondent.— Judgment appealed from unanimously reversed, on the law, the complaint reinstated, plaintiffs-appellants' motion to dismiss the affirmative defense of the Statute of Limitations is granted and the defense stricken, with $50 costs and disbursements to appellants. The accident upon which this suit is predicated occurred August 27, 1961. The defendant died December 6, 1962 and the present action to recover damages for personal injuries was commenced May 21, 1965. Special Term held the action was not timely commenced by reason of the provisions of CPLR 210 (subd. [b]). This was error. CPLR 210 (subd. [b]) states " Death of person liable. The period of eighteen months after the death, within or without the state, of a person against whom a cause of action exists is not a part of the time within which the action must be commenced against his executor or administrator." As the language indicates the 18-month period is carved out and tolls the running of the statute. The action was timely commenced (see *McDonough* v. *Cestare,* 3 A D 2d 201, mot. for lv. to app. den. 3 A D 2d 861; *New York & Boston Despatch Express Co.* v. *Carroll,* 170 App. Div. 197; *Gibson* v. *Meehan,* 13 Misc 2d 716, affd. 7 A D 2d 968, affd. 7 N Y 2d 93; *Hall* v. *Brennan,* 140 N. Y. 409). The cases relied upon by respondent may be readily distinguished and are not here applicable. While some reference was made upon the argument to the second affirmative defense of *res judicata* we do not consider or pass upon such defense because it is not properly a part of this appeal and was not briefed or touched upon by respondent. Concur — Stevens, J. P., Eager, Tilzer, McNally and Witmer, JJ. [50 Misc 2d 200.]